CHARLES E. JOHNSTON

*v.*

ABRAHAM M. HIRSCHBERG.

*Opinion filed April 17, 1900.*

1. APPEALS AND ERRORS—*when defect in instruction will not reverse.* If the instructions, as a whole, fairly present the law of the case, the fact that one instruction is subject to criticism for omitting certain elements in its summary of facts is not ground for reversal.

2. PRACTICE—*appellant is not entitled to use Appellate Court briefs in Supreme Court.* The rules of the Supreme Court are not complied with where appellant's brief consists of several briefs filed in the Appellate Court and re-filed in the Supreme Court.

*Johnston* v. *Hirschberg,* 85 Ill. App. 47, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. T. M. SHAW, Judge, presiding.

On October 17, 1895, Gans Bros. & Rosenthal sued out of the county court of Peoria county a writ of attachment against Isaac D. Hurwitz, and placed it in the hands of appellant, Charles E. Johnston, the sheriff of Peoria county, who levied upon and took possession of a quantity of tobacco in the possession of appellee herein, who claimed to own it. The ground for the attachment was that Hurwitz had fraudulently sold the property to Hirschberg for the purpose of defrauding his creditors. The sheriff removed the property, and it has not been returned to appellee. On January 11, 1896, appellee brought this action of trespass against appellant for unlawfully seizing and disposing of the tobacco. Appellant filed a plea of not guilty and pleas setting out the alleged fraudulent character of the sale by Hurwitz to appellee. Upon issues joined and trial by jury, judgment was rendered in favor of appellant, which, on appeal to the Appellate Court, was reversed and the cause remanded for new trial on account of erroneous instructions. A second trial resulted in a judgment for $1650 in favor of appellee. On appeal to the Appellate Court the judgment was affirmed, and appellant prosecutes this further appeal.

A complete statement of the case will be found in the opinion of the Appellate Court by DIBELL, J., (85 Ill. App. 47,) but the foregoing will suffice for a proper understanding of the questions cognizable in this court.

H. C. FULLER, (JAMES H. SEDGWICK, of counsel,) for appellant.

ISAAC C. EDWARDS, and ISAAC J. LEVINSON, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The questions of fact involved in this controversy have been found adversely to appellant by the judgment of the Appellate Court, which finding is conclusive here.

The brief of appellant does not comply with the rule of this court, in that it consists of several briefs used in the Appellate Court, re-filed here. However, we have examined the cause upon its merits, and fail to find in the record any reversible error.

The only contention urged by appellant is, that the third instruction given for appellee was erroneous. That instruction was as follows:

"The court instructs the jury that if they believe, from the evidence, that the plaintiff was the owner of the tobacco in question, and that he had possession of the same, and the defendant, by his deputy, took and carried away the tobacco on a writ of attachment against one Isaac D. Hurwitz, the jury should find the issues for the plaintiff."

It is insisted it is defective in that it does not contain the element of purchase and possession in good faith. As said by the Appellate Court, it is subject to the criticism. The elements of fraudulent intent and want of good faith in the alleged sale and purchase were clearly stated in several instructions given at the instance of the plaintiff and at least one given on behalf of the defendant, and we concur in the view of the Appellate Court that the jury could not have been misled by the omission in the third. As a whole the instructions fairly presented the law of the case.

The judgment of the Appellate Court is right, and will be affirmed.                                *Judgment affirmed.*