IDA BELL JACKSON, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed March 18, 1924.

This case was decided by Division B.

1. The rules governing criminal law pleading in this State are broad and liberal.

2. When searches and seizures are made pursuant to the command of a search warrant, both the search warrant and the prerequisite oath or affirmation required for it must conform strictly to the constitutional and statutory provisions authorizing their issue.

3. The place to be searched should not be left to the discretion of the officer and the late authorities are unanimous in holding that a search warrant directing an officer to search places generally is clearly illegal.

4. It is a sufficient designation of the place to be searched if the officer to whom the warrant is directed is enabled to locate the same definitely and with certainty. This does not necessarily require the true legal description to be given in the form it appears on the records of the deed register. Any designation or description known to the locality that points out the place to the exclusion of all others and on inquiry leads the officer unerringly to it, satisfies the constitutional requirement.

5. Describing the place to be searched as the "dwelling house of Freddie Jenkins in the county aforesaid and said district aforesaid" is not sufficient under the above rule, the record showing that Freddie Jenkins occupied a room at the home of a third party not named in the search warrant.

6. One inflicting tooth prints on an officer in a fracas precipitated by the officer cannot for such offense be legally punished for resisting an officer under the laws of this State.

7. The owner or occupant has a perfect right to follow up and observe an officer in making a search of his or her home, so long as no resistance, obstruction or opposition to the search is offered. If the officer attempts to eject such owner or occupant when no resistance, obstruction or opposition has been offered, the owner or occupant may offer equal force to resist being ejected.

A Writ of Error to the Criminal Court of Record for Orange County; T. Picton Warlow, Judge.

Judgment reversed.

*Hutchins & Hutchins* and *H. F. Mohr*, for Plaintiff in Error;

*Rivers Buford*, Attorney General, and *Marvin C. McIntosh*, Assistant, for the State.

TERRELL, J.—Ida Bell Jackson, the plaintiff in error, was tried and convicted in the Criminal Court of Record of Orange County on an information charging that she "did unlawfully, knowingly and wilfully resist, obstruct and oppose one Floyd Peel, a deputy sheriff legally authorized to execute process, in the execution of a legal process, to-wit: in the service of a search warrant on one Freddie Jenkins, by then and there offering and doing violence to the person of the said Floyd Peel by biting him on the arm and taking hold of his person in a rude, angry and threatening manner."

Sentence of three months in the county jail of Orange county was imposed and writ of error taken to this court. Error being assigned on the refusal of the trial court to quash the information, denying the motion for new trial, admitting in evidence the search warrant in question, and on other grounds not necessary to consider here.

The motion to quash the information was properly denied. The rules governing criminal law pleading in this State are broad and liberal. Inspection discloses that the information here attacked is substantially in the language of the statute, Section 5385, Revised General Statutes, defining the offense which under repeated holdings of this court is sufficient. Wolf v. State, 72 Fla. 572, 73 South. Rep. 740; Ellis v. State, 74 Fla. 215, 76 South. Rep. 698; Kirkland v. State, 86 Fla. 64, 97 South. Rep. 502; People v. Hunt, 120 Cal. 281, 52 Pac. Rep. 658; United States v. Bachelder, 24 Fed. Cas. No. 14, 490; Sec. 6064, Rev. Gen. Stats. of Fla., 1920.

When searches and seizures are made pursuant to the command of a search warrant both the search warrant and the prerequisite oath or affirmation required for it must conform strictly to the constitutional and statutory provisions authorizing their issue. This is true because there

is no process known to the law the execution of which is more distressing to the citizen or that actuates such intense feeling of resentment on account of its humiliating and degrading consequences. As thus enunciated the law is in line with and is no doubt the child of our Anglo-Saxon spirit of liberty which holds every man's house or dwelling as his castle, and which declares that it must not be invaded or subjected to an uninvited search except by a duly qualified officer, and then only in pursuance of a valid writ commanding it. White v. Wagar, 185 Ill. 195, 57 N. E. Rep. 26, 50 L. R. A. 60.

As was said in Smith v. McDuffee, 72 Ore. 276, text 284, 142 Pac. Rep. 558, 143 Pac. Rep. 929, such searches are usually made without the consent of the occupant of a domicile and the investigation being a proceeding *ininvitum,* the statute authorizing it is to be strictly construed, and no presumptions of regularity are to be invoked in aid of the process under which a proper officer obeying its commands undertakes to justify.

Section 22, Bill of Rights, Constitution of Florida, is as follows: "The right of the people to be secure in their persons, houses, papers and effects against unreasonable seizures and searches, shall not be violated, and no warrants issued but upon probable cause, supported by oath or affirmation, particularly describing the place or places to be searched, and the person or persons, and thing or things to be seized."

The fourth amendment to the Federal Constitution is almost identical in statement to Section 22, Bill of Rights of our Constitution.

Chapter 9321, Acts of 1923, has materially affected the issue and execution of search warrants in this State, but Section 6186, Revised General Statutes is controlling as to this case, and is as follows: "Any committing magis-.

trate may issue search warrants on application duly made by affidavit, but only on probable cause.''

The search warrant that plaintiff in error stands charged with resisting the execution of was put in evidence and is as follows:

''Whereas, C. G. Lee has this day made oath before me that the following goods, to-wit: One gold necklace on the 11th day of May, A. D. 1923, were feloniously stolen, taken and carried away out of the residence of the said C. G. Lee in the county aforesaid and that the said C. G. Lee has probable cause to suspect and does suspect, that the said goods, or part thereof, are concealed in the dwelling house of Freddie Jenkins in the County aforesaid, and said district aforesaid and there diligently to search for the said goods; and if the same or any part thereof shall be found upon search, that you bring the goods so found, and also the body of the said Freddie Jenkins before me, to be disposed of and dealt with according to law. Given under my hand and seal this 21st day of May, A. D. 1923. H. K. Loraine (Seal) Justice of the Peace, First District. Sealed with Justice Seal to-wit, State of Florida, Orange County, First Justice's District.''

Tested by the statutory and constitutional provisions as above, was this search warrant a legal process? It seems to have emanated from the proper source, but it does not appear that the prerequisite oath or affirmation was made, nor do we think that the ''place or places to be searched'' and the ''thing or things to be seized'' are ''particularly described'' as the Constitution directs.

The ownership of the thing to be seized is not alleged, and it is described in the search warrant as ''one gold necklace.'' The place to be searched is described as the ''dwelling house of Freddie Jenkins in the county aforesaid and said district aforesaid.''

We think the constitutional requirement of ''particularly describing'' the ''thing to be seized,'' must contemplate some word or words of description to link ownership with ''one gold necklace.''

With reference to ''particularly describing the place or places to be searched;'' some of the authorities hold that a search warrant must contain as specific description of the place to be searched as would be required in an instrument conveying a particular piece of real estate. State v. Robinson, 33 Me. 564; Jones v. Fletcher, 41 Me. 254, text 256; State v. Bartlett, 47 Me. 388. It has been further held that the description of the place to be searched is sufficient if it leaves no discretion to the officer in respect to what place he shall search. State v. Intoxicating Liquors, 44 Vt. 208. It has also been laid down that a description which points out or identifies the place to be searched with such reasonable certainty as will obviate any mistake in locating it, is all that the law requires. State v. Moore, 125 Iowa 749, 101 N. W. Rep. 732. The place to be searched should not be left to the discretion of the officer and the late authorities are unanimous in holding that a search warrant directing an officer to search places generally is clearly illegal. Notes 101 A. S. R. 331, 17 Ann. Cas. 232.

The rule most generally announced and that which comports with sound reason seems to be that it is a sufficient designation of the place to be searched if the officer to whom the warrant is directed is enabled to locate the same definitely and with certainty. This does not necessarily require the true legal description to be given in the form it appears on the records of the deed register. Any designation or description known to the locality that points out the place to the exclusion of all others and on inquiry leads the officer unerringly to it, satisfies the constitu-

tional requirement. See Note 17 Ann. Cas. 232, for a lucid discussion of this question.

By the most liberal interpretation to be given the rule as above defined to describe the place to be searched as the "dwelling house of Freddie Jenkins in the county aforesaid and said district aforesaid" falls short of the requirement, and the record in this case amply demonstrated the wisdom of the rule. Reference to the testimony disclosing that the deputy sheriff in whose hands the search warrant in question was placed, searched the home of the plaintiff in error and not that of Freddie Jenkins as the warrant purported to direct. It is true that Freddie Jenkins occupied a room in the home of plaintiff in error, but that did not warrant the officer in invading the home of plaintiff in error or dispense with the requirement of specific description. It in fact required greater particularity as to description of the place searched. Commonwealth v. Certain Intoxicating Liquors, 110 Mass. 499.

The evidence further shows that the officer who made the search did not know whether the house he searched was that of Freddie Jenkins, Ida Bell Jackson, the plaintiff in error, or some white person, and in fact it never had occurred to him who it belonged to. We have not had our attention directed to a combination of facts that more strongly demonstrated the reason for and basis of the rule here announced than is presented in this case.

Supporting the charge of resisting the officer (deputy sheriff) in the service of the search warrant referred to herein, the weight of the evidence is to the effect that the deputy sheriff in the company with John A. Cuthbertson, a police officer, went to the home of plaintiff in error and on inquiry was shown the room of Freddie Jenkins; that on entering the room of Freddie Jenkins the deputy

sheriff was followed by plaintiff in error; that plaintiff in error was repeatedly ordered out of the room, and refusing to obey, the deputy sheriff and Cuthbertson attempted to eject her, she resisted and in the resistence plaintiff in error bit the deputy sheriff on the arm, inflicting tooth prints that were gone in four or five days. The tooth prints having been inflicted in a fracas between the officer and plaintiff in error which the record shows was precipitated by the officer and not covered by the statute punishing the crime charged in the information.

There is further evidence to the effect that plaintiff in error followed the deputy sheriff about the room "hedging in between interfering with him getting around," but on the whole record it is not made to appear that she knowingly and wilfully resisted, obstructed or opposed the officer in the execution of the search warrant by offering or doing violence to his person as defined by our statute. If the officer had been lawfully in the home of plaintiff in error she had a perfect right to follow him about the room as he made the search so long as she did not resist, obstruct or oppose him in making it, and when he attempted to eject her she was within her right in offering equal force to resist being ejected from the room.

For the reasons announced in this opinion the motion for new trial should have been granted. The judgment of the Criminal Court of Record of Orange County is, therefore reversed and the cause remanded.

WHITFIELD, P. J., concurs.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.

WEST, J., dissents.