TPIORNAL, Justice.
Ollie Bonner was convicted by a jury in the Court of Record of Escambia County of the offense of unlawfully “Removing, Depositing and Concealing Untaxed Alcoholic Beverages”. He appeals from a sentence of eighteen months in the State Prison.
Appellant relies heavily on an alleged defect in a search warrant and supporting affidavit which described the, premises to be searched as follows:
“Being a one story frame dwelling house painted white trim in Green being located on East Cross Street in Pensacola, Florida, said house bearing number 200 the said house being on the north side of East Cross Street facing South and all building within its premises in Pensacola, County of Escambia, State of Florida.”
It is shown that the premises are located outside the city limits of Pensacola. It is contended that the inclusion of Pensacola as a part of the address invalidates the search warrant; that all evidence obtained by the search, to wit: seizure of sixteen gallons of moonshine, should be expunged from the record, thereby leaving the prosecution with no evidence of the offense charged.
■ It is shown that there is only one Cross Street in Escambia County and there is no evidence that the searching officers had the slightest difficulty in locating the address described in the warrant. Indeed, appellant himself actually testified that he had lived at this place “ever since he had been in Pensacola
We are thoroughly aware of the traditional prescriptions guarding against unlawful searches and seizures and we adhere to them. However, it is equally well established that “Any designation or description known to the locality that points out the place to the exclusion of all others, and on inquiry leads the officer unerringly to it, satisfies the constitutional requirement.” See 47 Am.Jur. 522, Sufficiency of Description, Sec. 35; Jackson v. State, 87 Fla. 262, 99 So. 548. Such a description therefore meets all of the historical safeguards. The ‘ affidavit and warrant in the instant case were sufficient to sustain the search.
Reversal is also sought on the ground that the evidence was insufficient.to support the verdict and judgment. It was the province of the jury to resolve any evidentiary conflicts. We find that the jury had adequate evidence before it to support the verdict of guilty.
Judgment affirmed.
DREW, C. J., TERRELL, J., and JONES, Associate Justice, concur.