SHANNON, Judge.
The defendant below appeals his conviction and sentence involving the violation of the lottery laws of Florida. He was originally tried on an information consisting of two counts, at which time he was *461 acquitted on the first count and convicted on the second. He appealed his conviction to the Supreme Court of Florida, and in a decision rendered on the fifth day of December 1956 the Supreme Court reversed his conviction and remanded the case for a new trial. He was then retried under the second count, and this appeal emanates from his subsequent conviction.
In his brief the defendant alleges, (1) that the court below erred in denying his motion to quash a search warrant and in failing to sustain his objections to certain evidence that was found pursuant to the search warrant, and (2) that the court erred in denying his motion to suppress testimony and evidence and in overruling objections to the production of evidence and testimony which had been previously introduced in the first trial in proof of the count of the information on which he was acquitted.
The affidavit and the search warrant involved in the present case describe the place to be searched as follows:
“ * * * those certain premises located in Pinellas County, Florida, described as follows, to-wit: that portion of the premises occupied by George Seymore in that certain apartment house located at 1422 3d Avenue South, St. Petersburg, Florida, said house being on the south side of said avenue facing north, * *
It appears from the record that the premises located at 1422 3rd Avenue South is an apartment house composed of twenty separate apartments. It is the defendant’s contention that the search warrant does not adequately describe the premises to be searched. The manager of the apartment house directed the officers to a certain apartment but, as she herself testified, the manager through inadvertence gave the officers the wrong number of defendant’s apartment. Almost immediately thereafter she corrected it and directed them to the apartment actually rented to the defendant. Therein the officers seized the paraphernalia with which we are concerned here.
The defendant in his brief makes the following statement:
“The Supreme Court of Florida has never deviated from the proposition that a description of the premises to be searched in a search warrant must meet one of two tests, towit: (1) either the description must be such that the executing officer, relying upon the description alone can go unerringly to the designated premises, or (2) the description must be such as is generally known in the locality and upon which inquiry by the officer will enable the people of the locality to direct him to the premises designated. See Bonner v. State [Fla.] 80 So.2d 683 and Jackson v. State, 87 Fla. 262, 99 So. 548.”
The state contends that the description of the premises comes clearly within that set out in the second definition. In Jackson v. State, supra [87 Fla. 262, 99 So. 550], our Supreme Court clearly proclaimed:
“The rule most generally announced and that which comports with sound reasons seems to be that it is a sufficient designation of the place to be searched if the officer to whom the warrant is directed is enabled to locate the same definitely and with certainty. This does not necessarily require the true legal description to be given in the form it appears on the records of the deed register. Any designation or description known to the locality that points out the place to the exclusion of all others, and on inquiry leads the officer unerringly to it, satisfies the constitutional requirement. See note, 17 Ann.Cas. 232, for a lucid discussion of this question.”
*462 In the case of Bonner v. State [80 So.2d 684], supra, the premises were described as follows:
“Being a one story frame dwelling house painted white trim in Green being located on East Cross Street in Pensacola, Florida, said house bearing number 200 the said house being on the north side of East Cross Street facing South and all building within its premises in Pensacola, County of Escambia, State of Florida.”
In affirming the conviction of Bonner, Mr. Justice Thornal stated:
“It is shown that there is only one Cross Street in Escambia County and there is no evidence that the searching officers had the slightest difficulty in locating the address described in the warrant. Indeed, appellant himself actually testified that he had lived at this place ‘ever since he had been in Pensacóla.’
“ * * * Such a description therefore meets all of the historical safeguards. The affidavit and warrant in the instant case were sufficient to sustain the search.”
It seems almost elementary in criminal procedure that when, as here, the affidavit and search warrant contain the words “that portion of the premises occupied by George Seymore in that certain apartment house located at 1422 3d Avenue South, St. Petersburg, Florida, said house being on the south side of said avenue facing north”, the officers had sufficient and adequate description for their search. The warrant designates one particular place to be searched to the exclusion of all others and most certainly enabled the searching officers to identify the said premises.
We hold that the search warrant adequately described the place to be searched and satisfies the rule laid down by our Supreme Court in the cases of Jackson v. State, 87 Fla. 262, 99 So. 548, and Bonner v. State, Fla.1955, 80 So.2d 683.
On defendant’s second question we can find no reversible error and are therefore affirming the lower court.
Affirmed.
KANNER, C. J., and O’CONNELL, STEPHEN C., A. J., concur.