212 So.2d 322 (1968)
STATE of Florida, Appellant,
v.
Moses LEMON, Appellee.
Nos. 68-34, 68-35.
District Court of Appeal of Florida. Second District.
July 3, 1968.
Rehearing Denied July 26, 1968.
*323 Earl Faircloth, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellant.
Larry Byrd of Law Office of Jerome Pratt, Palmetto, for appellee.
LILES, Chief Judge.
This is an appeal by the State from an order granting appellee's "Motion to Quash Affidavit and Search Warrant." The State filed several informations in the Manatee County Circuit Court charging the appellee with lottery law violations. The search warrant subject to the order to quash described the house to be searched as follows:
"507 8th Avenue Drive West, in the City of Bradenton, Manatee County, Florida, and being further described as a one-story dwelling of frame construction, painted green in color with a metal roof. Said dwelling is located on the South side of 8th Avenue Drive West and faces north, having an open front porch across the front of the dwelling and the numbers 507 on a support post of the porch. Said dwelling is the last house on the right or south side of 8th Avenue Drive West before 8th Avenue Drive West dead-ends at the Atlantic Coast Line railroad track east of the intersection of 6th Street West and 8th Avenue Drive West."
The trial judge granted the motion to quash on the ground that the warrant authorizing the search was not sufficiently clear in its description of the subject premises. The appellee, Moses Lemon, resided in the house that was in fact searched. The house was listed as 507 8th Avenue Drive West, and this listing was specifically set out in the warrant. The difficulty arose because of the surplus language in the warrant stating that, "Said dwelling is the last house on the right" before the dead-end at the railroad tracks, when in reality the Lemon residence was the next-to-the-last house before the tracks. Although the case is a close one, we believe the trial judge erred, and we reverse.
The law has long been settled that a designation or description in a warrant is sufficient when it leads an officer unerringly to the subject premises. Bonner v. State, Fla. 1955, 80 So.2d 683; Jackson v. State, 1924, 87 Fla. 262, 99 So. 548; Seymore v. State, Fla.App. 1959, 110 So.2d 460; 47 Am.Jur., Searches & Seizure § 35. It is a sufficient designation if the officer to whom the warrant is directed is enabled *324 to locate the place to be searched with certainty. Jackson v. State, supra; Seymore v. State, supra. We believe the instant case to be within the purport of these general rules. Despite the use of the surplus language that purported to describe the Lemon residence as the "last" house before the railroad tracks, when in fact there was another house between Lemon's and the tracks, this was not enough to confuse an officer going to the address stated in the warrant. The address, 507 8th Avenue Drive West in the City of Bradenton, Manatee County, Florida, describes the house that was searched, the house belonging to Moses Lemon, and the house listed in the warrant.
For these reasons the order quashing the affidavit and warrant is hereby reversed and remanded for action consistent with this opinion.
ALLEN and HOBSON, JJ., concur.