PER CURIAM.
By this appeal the appellant questioned the correctness of an adverse jury verdict, judgment of conviction, and sentence thereon in a criminal proceeding wherein he was charged with armed robbery. He urges error in the failure to discharge the appellant because of demands for a speedy trial in three successive terms of court; that the court erred in denying the motion to suppress evidence; that the court erred in failing to give a charge on circumstantial evidence; and that the evidence was insufficient to support the charge. We affirm.
It is apparent from the record that the appellant did not file three successive demands for a speedy trial [he being incarcerated], in accordance with the statutes of this State. Kelly v. State ex rel. Morgan, Fla.1951, 54 So.2d 431; Loy v. Grayson, Fla.1957, 99 So.2d 555; Ryan v. State, Fla.App.1967, 197 So.2d 37; § 915.02, Fla.Stat., F.S.A.
Error has not been made to appear in the ruling on the motion to suppress. Bonner v. State, Fla.1955, 80 So.2d 683; Smith v. State, Fla.App.1966, 182 So.2d 461; State v. Lemmon, Fla.App.1968, 212 So.2d 322. There was no need for the trial judge to give the circumstantial evidence charge when the record contained direct, positive identification of the appellant by an eye witness to the crime. Leavine v. State, 109 Fla. 447, 147 So. 897; Flint v. State, Fla.App.1960, 117 So.2d 552; Accord Boyd v. State, Fla.App.1960, 122 So.2d 632.
Lastly, at this stage of the proceedings, all evidence in conflict is resolved in favor of the verdict as well as all inferences therefrom are taken in favor of the verdict. Crum v. State, Fla.App.1965, 172 So.2d 24; Sylvia v. State, Fla.App. 1968, 210 So.2d 286; Sellers v. State, Fla.App. 1968, 212 So.2d 659.
Therefore, for the reasons above stated, the verdict, judgment of conviction, and sentence here under review be and the same is hereby affirmed.
Affirmed.