Roy K. FINNEY, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.

No. 29734

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 9, 1970.

Certiorari Denied March 8, 1971.

See 91 S.Ct. 967.

---

\* █ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

Roy K. Finney, pro se.

Earl Faircloth, Atty. Gen., Tallahassee, Fla., Arden Siegendorf, Harold Mendelow, Asst. Attys. Gen., Alan M. Medof, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

## PER CURIAM:

This appeal is taken from an order of the district court denying the petition of a Florida state prisoner for the writ of habeas corpus. We affirm.

Roy K. Finney, while serving another sentence, was convicted of robbery and sentenced to twenty-five years imprisonment to follow his earlier sentence. Conviction was affirmed on direct appeal. Finney v. State, 220 So.2d 673 (Fla.App.1969), cert. den. 225 So.2d 913 (Fla.1969).

In his habeas petition filed in the court below Finney reasserts that he was denied his right to a speedy trial due to the trial court's failure to comply with § 915.02, Florida Statutes,[1] an is-

---

1. Florida Statute 915.02, F.S.A. provides that:

    "Any person serving a sentence or sentences of imprisonment for crime in this state who has a charge of crime pending against him in this state and who, while imprisoned under such sentence or sentences, files in the court having jurisdiction to try said charge, on or within thirty days before the first day of three successive terms thereof, a written demand for trial, serving a copy up-

sue which was previously rejected by the trial court and by the Florida District Court of Appeals at the time of the direct appeal cited above.

Finney was arraigned on March 6, 1967 and was tried on April 15, 1968. He filed demands for a speedy trial on October 11, 1967, November 27, 1967 and January 31, 1968. The terms of the Criminal Court of Record of Dade County during the period pertinent here opened on October 10, 1967, December 12, 1967, February 13, 1968 and April 15, 1968.

The transcripts of these Criminal Court sessions show that on April 2, 1968, at a time when Finney was not present, his demands were brought to the attention of the trial judge who set the matter for trial before a jury on April 8, 1968. On April 8 the case was called, whereupon Finney requested the indulgence of the court to speak to attorney William Quick, which was granted. The court then proceeded to review the demands in the light of the statute and announced that he had determined the October 11 demand was one day late and that since a jury had not been called as anticipated, the case would be continued for one week and reset for April 15, 1968, the first day of the following term. Neither Finney nor his attorney protested this continuance or advised the court of any prejudice or difficulty foreseen therefrom. In fact, Quick pointed out that Finney had not retained him until one half hour previously and Quick declined the court's offer to proceed on preliminary matters because necessary witnesses were absent.

The federal habeas court denied relief without holding an additional evidentiary hearing. Pursuant to the provisions of 28 U.S.C.A. § 2254(d) (Sup. Pamp.1967), that court found the written indicia of the procedures in the State court disclosed that the material facts were adequately developed in a full and fair hearing in a court of competent jurisdiction and that such facts fairly supported the conclusions reached by the State courts.

■ ■ We have reviewed the record, including the transcript of the hearing in the State court, and find no error in the findings or ruling of the court below. The record patently fails to demonstrate a delay of the magnitude or consequence of that involved in Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970). Thus neither the Sixth nor Fourteenth Amendment rights of Finney to a speedy trial or due process of law were violated. The only question remaining is whether his right to equal protection of the laws of Florida was abridged by an uneven application of that State's salutary statute requiring prompt trials, § 915.02. We can find no fault in the State determination of this State issue. Not only was the October 1967 demand filed late, but the one week continuance from April 8, to April 15, 1968 was a continuance for good cause shown. Thus the people of the State of Florida should not be held to have forfeited their right to bring Finney to trial for this crime under § 915.02. The judgment below is

Affirmed.

on the prosecuting attorney, and who is not brought to trial by the end of the third of such terms, shall be forever discharged from the said crime; provided that the attendance of the witnesses is not prevented by him; provided that

any term of court during which a continuance has been granted for good cause shown to either the accused or the state shall not be counted in computing the three terms."