276 So.2d 65 (1973)
STATE of Florida, Appellant,
v.
William B. DAWSON, III, Appellee.
No. S-230.
District Court of Appeal of Florida, First District.
April 5, 1973.
Rehearing Denied May 3, 1973.
*66 Robert L. Shevin, Atty. Gen., Michael M. Corin, Asst. Atty. Gen., for appellant.
William A. Hallowes, III, Edward M. Booth, Jacksonville, for appellee.
PER CURIAM.
Appellant has failed to demonstrate that the order reviewed herein is inconsistent or in conflict with the Florida Supreme Court's decision in Jackson v. State, 87 Fla. 262, 99 So. 548 (1924), wherein the court in an opinion written by the late Justice Terrell stated:
"When searches and seizures are made pursuant to the command of a search warrant, both the search warrant and the prerequisite oath or affirmation required for it must conform strictly to the constitutional and statutory provisions authorizing their issue. This is true, because there is no process known to the law, the execution of which is more distressing to the citizen or that actuates such intense feeling of resentment on account of its humiliating and degrading consequences. As thus enunciated the law is in line with and is no doubt the child of our Anglo-Saxon spirit of liberty which holds every man's house or dwelling as his castle, and which declares that it must not be invaded or subjected to an uninvited search, except by a duly qualified officer, and then only in pursuance of a valid writ commanding it. White v. Wagar, 185 Ill. 195, 57 N.E. 26, 50 L.R.A. 60."
The court's decision in Jackson, supra, seems consistent with the rule generally prevailing throughout the country, at least since 1900, as set forth in White v. Wagar cited with approval by the Florida Supreme Court in the Jackson case. In the White case, the Illinois Supreme Court, considering a case in which the search warrant omitted the statutory command that the property found pursuant to a search warrant and the person in possession thereof be brought before the magistrate, stated:
"There is another fatal defect in the proceeding. The search warrant issued by the justice directed the officer to diligently search for the goods and chattels, and, if the same or any part thereof be found, to bring the same before the justice of the peace; but the warrant nowhere contains a direction that he shall also bring with him the person in whose possession the goods are found... ."
Citing from Cooley, Constitutional Limitations (6th Ed.) 369, the court further stated:
"The warrant must also command that the goods or other articles to be searched for, if found, together with the party in whose custody they are found, be brought before the magistrate, to the end that, upon further examination into the facts, the goods, and the party in whose custody they were, may be disposed of according to law."
The Illinois Supreme Court's decision in the White case has been cited with approval by the highest courts in at least eight of our sister states and with approval by the Supreme Court of Florida in at least three cases, including Jackson, supra.
It is clear then that the warrant authorizing the search of appellee's premises in the case at bar was defective on its face by failing to contain the command that the person executing the warrant bring the property found and the person in possession thereof before the magistrate issuing the warrant or some other court having jurisdiction of the offense as prescribed by Section 933.07, Florida Statutes, F.S.A. See also Searches, Seizures and Immunities by Varon, Vol. 1, page 359, describing the requirement in the following manner:
"All executing officers must be commanded to bring before the magistrate or issuing authority, both the property described *67 and the person in possession thereof. Any warrant which fails in this direction or command is void. This fundamental rule of law has been held to prevail, even where the person in possession voluntarily appears before the magistrate."
In view of the fundamental character of the requirement that the command to bring forth be included in the warrant, we can hardly say that the trial judge committed error in holding that the search warrants in this case were invalid. Accordingly, the order reviewed herein is
Affirmed.
SPECTOR, C.J., and WIGGINTON and CARROLL, DONALD K., JJ., concur.