291 So.2d 259 (1974)
STATE of Florida, Appellant,
v.
Samuel SCHECTMAN, Appellee.
No. 73-774.
District Court of Appeal of Florida, Fourth District.
February 22, 1974.
Rehearing Denied March 21, 1974.
*260 Philip S. Shailer, State's Atty., and Robert G. Cowen, Asst. State's Atty., Fort Lauderdale, for appellant.
Alfred J. Skaf of Varon, Stahl & Kay, Hollywood, for appellee.
MAGER, Judge.
The trial court entered an order granting defendant's motion to suppress on the ground that a search warrant issued to search defendant's premises was defective on its face. The State appeals.
The search warrant, in authorizing a search of defendant's premises for certain stolen property, i.e., three diamond rings, contained the command that the person executing the warrant bring the property specified therein before the proper authority, i.e. the magistrate or some other court having jurisdiction of the offense. The trial court, in entering its order suppressing the jewelry seized pursuant to the search warrant, concluded that the search warrant was defective on its face because it "failed to contain a command that the person executing such search warrant bring the person in possession thereof (jewelry) before the magistrate ... as prescribed by Section 933.07 of the Florida Statutes, F.S.A., ...".[1] The lower court based its determination largely upon the recent decision of the First District in State v. Dawson, Fla.App. 1973, 276 So.2d 65.
*261 Section 933.07, in authorizing the issuance of search warrants, provides as follows:
"933.07 Issuance of search warrants

The judge or magistrate, upon examination of the application and proofs submitted, if satisfied that probable cause exists for the issuing of the search warrant, shall thereupon issue a search warrant signed by him with his name of office, to any sheriff and his deputies or any constable, police officer or other person authorized by law to execute process, commanding the officer or person forthwith to search the property described in the warrant or the person named, for the property specified, and to bring the same before the magistrate or some other court having jurisdiction of the offense." (Emphasis added.)
A reading of the language set forth in the above quoted statute does not require that in order for a search warrant to be effective it must contain a command to bring the person in possession of the specified property before the committing magistrate. The phrase "and to bring the same before the magistrate" has reference only to "the property specified" in the warrant and not to the person in whose possession such property is found. The command to the officer is to search the premises described in the warrant or the person named and to bring before the committing magistrate the object of such search, i.e., the property specified.
If the phrase "to bring the same before the magistrate" refers to the "property specified" (to be seized) as well as the "person named" (the person in possession thereof), then it must also refer to the "property described in the warrant" (premises) since that phrase is in the disjunctive. Clearly this would be an absurd interpretation.
Unquestionably, a search warrant must conform strictly to the statutory provisions authorizing its issuance. A strict construction of Section 933.07 and a strict conformity thereto suggests that it is only the "property specified" (evidence of crime) that is required to be brought before the committing magistrate. Any other construction would not only be unreasonable but would necessitate the judicial revision of Section 933.07.
We are not unmindful of the decision of our sister court in State v. Dawson relied upon below by the trial court.[2] In our view, the decision in Dawson is inconsistent with the clear pronouncement of Section 933.07. In Dawson the court held that the search warrant was invalid for failing to contain the command that the person in possession of the specified property be brought before the committing magistrate.
An examination of the cases relied upon by the court in Dawson does not support the conclusion reached therein. The decision of the Florida Supreme Court in Jackson v. State, 1924, 87 Fla. 262, 99 So. 548, cited in Dawson, did not involve the precise question presented either in Dawson or in the case sub judice. The case of White v. Wagar, 185 Ill. 195, 57 N.E. 26, cited in Dawson, which also is distinguishable, was a 1900 decision of the Illinois Supreme Court construing an Illinois statute which expressly directed that the officer "bring such stolen property or other things when found and the person in whose possession they are found to the judge or justice of the peace who issued the warrant."
The very purpose of a search warrant is to sanction an invasion of one's person or property (which otherwise might be unlawful) to discover and take into legal custody matters that constitute evidence of crime. In our opinion Section 933.07 does not require that the search *262 warrant contain a command to bring before the committing magistrate the person in possession of the property to be seized. Such command is not a necessary prerequisite to the validity of the search warrant.[3] So.2d 65.
The order appealed from is quashed and the cause remanded to the trial court for further proceedings not inconsistent herewith.[4]
OWEN, C.J., and WALDEN, J., concur.
NOTES
[1] The warrant also commanded the owner of the stolen property to be brought before the proper authority to identify said property. The inclusion of this command in the search warrant while neither authorized nor required under the language of Sec. 933.07, does not render the search warrant defective inasmuch as this language may be treated as surplusage. See Hysler v. United States, 5 Cir.1936, 86 F.2d 918.
[2] The trial court should not be faulted for relying upon State v. Dawson, supra, inasmuch as it appears to be the only reported decision in Florida dealing with the precise question presented to the trial court.
[3] A search warrant is not an arrest warrant. Seizure of a person for the purpose of bringing him before a magistrate must be predicated upon a lawful arrest  not upon a search warrant.
[4] Although the defendant's brief suggests that the search warrant is additionally defective because it was issued more than 30 days after the affidavit on which it was predicated thereby negating the presumption of probable cause, citing Hamelmann v. State, Fla.App. 1959, 113 So.2d 394, an examination of the record on appeal before this court does not indicate whether this contention was raised before the trial court below. The absence from the record of defendant's motion to suppress, coupled with the transcript of testimony before the lower court on defendant's motion to suppress and the language of the trial court's order of suppression, would suggest that the only point argued below and the only point upon which the evidence was suppressed was the invalidity of the search warrant rather than the nonexistence of probable cause. Appellate review is confined to points properly raised before the trial court and otherwise preserved. Suiero v. State, Fla.App. 1971, 248 So.2d 219. We would, however, observe that whether an interval of more than 30 days is an unreasonable length of time would be dependent upon the facts and circumstances of the particular case. See United States v. Guinn, 5 Cir.1972, 454 F.2d 29; Borras v. State, Fla. 1969, 229 So.2d 244. See also 100 A.L.R.2d 526, 542.