PEARSON, Judge.
The State appeals an order dismissing an information charging the defendant in three counts with possession of lottery tickets, possession of lottery paraphernalia, and assisting in conducting a lottery. The order dismissing the information states fur-rther as predicate for the order the following :
‡ * ‡ * ‡
“1. A search warrant was executed on November 14, 1972 at the residence located at 26350 Southwest 141st Avenue, # 17;
“2. Certain lottery paraphanelia [sic] and lottery tickets were found and seized and a receipt given therefore to GLORIA JEAN LITTLE;
“3. GLORIA JEAN LITTLE was present on the premises and it was her residence;
“4. GLORIA JEAN LITTLE was not arrested until April 17, 1973 pursuant to a Magistrate’s Warrant;
“5. Defense Counsel filed a Motion to Dismiss on the grounds that the officers]]’] failure to arrest the defendant *389 when the search warrant was executed and the defendant was present, violated the command of the search warrant that the property be seized and the person unlawfully in possession thereof be arrested and the property seized and the persons arrested be brought before the Court of proper jurisdiction;
“6. The case of State v. Dawson, 276 So.2d 65 (1st Dist. 1973) is controlling.” * * * * * *
We hold that the trial judge misinterpreted State v. Dawson. In that decision, the appellate court held that a search warrant was invalid where it did not contain a command that the person executing the warrant bring the property found and the person in possession thereof before the magistrate issuing the warrant or some other court having jurisdiction of the offense. Consequently, the appellate court affirmed an order of the trial judge holding the. search warrant invalid.
In the case now before us there was no motion to suppress the evidence seized pursuant to the search warrant. It should further be noted that the appellee was not arrested pursuant to the search warrant but was arrested later, pursuant to a magistrate’s warrant. An information was thereafter filed. Appellee urges that the information was properly dismissed because the officers executing the warrant had not followed the command of the court in that they failed to arrest her at the time of the execution of the search warrant. This apparently was the theory upon which the trial court proceeded in dismissing the information. We hold that the failure to arrest the appellee at the time and place of the execution of the search warrant was not a proper ground for the dismissal of the information. If the law enforcement officers are to be punished for the failure to carry out the terms of a search warrant, it must be done in some way other than the dismissal of a person properly charged with a crime. An error or failure of a police officer is not of itself sufficient to invalidate the proceedings in a court. In order for such conduct to be considered by a court, it must be shown that the error or failure of the police officer in some way prejudiced the rights of the defendant. Cf. Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966), where Mr. Justice Stewart stated “[t]here is no constitutional right to be arrested”. See also Parnell v. State, Fla.App.1969, 218 So.2d 535.
Accordingly, the order dismissing the information is reversed and this cause is remanded for further proceedings.
Reversed and remanded.