299 So.2d 39 (1974)
Stephen Allen LAISER, Appellant,
v.
STATE of Florida, Appellee.
No. 74-142.
District Court of Appeal of Florida, Fourth District.
August 16, 1974.
Rehearing Denied September 19, 1974.
Philip G. Butler, Jr., Foley & Colton, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie Bernard, Asst. Atty. Gen., West Palm Beach, for appellee.
WALDEN, Judge.
This is a challenge to the validity of a search warrant. Appellant claims that the court erred:
"in denying defendant's motion to suppress evidence where evidence was seized pursuant to the execution of a search warrant and where said search warrant failed to command the executing officer, pursuant to F.S. 933.07 to return the seized property before the judge who signed the warrant."
We agree and reverse.
The relevant portion of the warrant reads:
"NOW THEREFORE, you, or either of you are hereby commanded with proper and necessary assistance, in the name of *40 the State of Florida, in the daytime or in the nighttime, or on Sunday, to enter the said premises hereinbefore specified, to there diligently search for `illegal narcotics and/or dangerous drugs' and if the same, or any part thereof, shall be found on said premises then you are authorized and commanded to seize and safely keep the same in your possession to be disposed of according to law, and to arrest the said `person/s unknown' or any other persons found violating the law in connection with the same, and to bring them before `the County Court of the 15th Judicial Circuit, Criminal Division' or before any other Court having jurisdiction of the offense, to be dealt with according to law... ." (emphasis supplied)
F.S. § 933.07 (1973) provides:
"... Issuance of search warrants.  The judge, upon examination of the application and proofs submitted, if satisfied that probable cause exists for the issuing of the search warrant, shall thereupon issue a search warrant signed by him with his name of office, to any sheriff and his deputies or any police officer or other person authorized by law to execute process, commanding the officer or person forthwith to search the property described in the warrant or the person named, for the property specified, and to bring the same before the magistrate or some other court having jurisdiction of the offense." (emphasis supplied)
Although the state argues that the word "them" in the warrant refers to the things seized as well as to persons apprehended, the reasoning is not persuasive. It is evident that the noun "same" was used to refer to the things seized, and the pronoun "them" was used to refer to persons apprehended.
The state has urged that the phrase, "to be disposed of according to law" satisfies the requirements of F.S. 933.07 by implication. We do not agree. The plain language of the statute says the warrant shall contain a command that the property specified be brought before the court having jurisdiction.
In State v. Dawson, 276 So.2d 65 (1st D.C.A.Fla. 1973) the court upheld an order finding a warrant invalid for failure to command return of person and property. This court held in State v. Schectman, 291 So.2d 259 (4th D.C.A.Fla. 1974) that a failure to command return of the person in possession was not error, but that failure to command return of the property seized would be.
"Unquestionably, a search warrant must conform strictly to the statutory provisions authorizing its issuance. A strict construction of Section 933.07 . .. suggests that it is only the `property specified' .. . that is required to be brought before the committing magistrate." Id. at 261.
The motion to suppress should have been granted in the instant case.
We reverse and remand for proceedings consistent herewith.
Reversed and remanded.
OWEN, C.J., and DOWNEY, J., concur.