## STATE v. HERNANDEZ, et al.
### No. 74-1191 A & B.
Circuit Court, Dade County, Criminal Division.

November 27 1974.

Richard E. Gerstein, State Attorney, Steven J. Goldstein, Assistant State Attorney, for the state.

Phillip A. Hubbart, Public Defender, Mark King Leban, Assistant Public Defender, for the defendants.

PAUL BAKER, Circuit Judge.

This cause came before the court on the defendants' motion to suppress evidence and the court having considered the motion together with the search warrant and appended return and inventory, and having heard arguments of counsel, makes the following findings of fact and conclusions of law —

On February 8, 1974, a search warrant was issued by the Honorable Edward Cowart, circuit judge; said warrant, pursuant to Florida Statute §933.07, properly commanded the appropriate law enforcement authorities to execute the warrant — "and bring the

property and all persons arrested before a court having competent jurisdiction of the offense . . ."

The City of Miami Police Department thereafter executed the warrant at the residence of the defendants; rather than obey the command of the warrant that the property seized be brought before the court, the police placed the property in the police property room. Accordingly, this court finds that the police did not bring the items seized before a court of competent jurisdiction; that the state has failed to offer any sufficient reason for the failure of the police to execute the search warrant in accordance with the express command of the warrant itself as well as the provisions of §933.07; and that strict compliance with the command of a search warrant is a necessary prerequisite to the validity of the search.

The property seized in the instant case consists, inter alia, of watches, rings, antique guns, rare coins, a camera, a radio, pipes, a television set, stereo tapes, and other non-contraband items. Under provisions of §933.14 said items would be subject to return to the defendants upon a determination by the court that "the property or papers taken are not the same as that described in the warrant," or that any one of a number of circumstances warranting return exists. Unless the strictures of §933.07 are obeyed, such a determination cannot be made to the prejudice of the defendants in view of the great worth of the items seized.

It has been uniformly held that statutory provisions regulating use of search warrants must be strictly construed and rigidly followed. Carter v. State, 199 So.2d 324, 333 (Fla. 2d Dist. 1967). Cf. Jackson v. State, 87 Fla. 262, 99 So. 548 (1924). This is so especially where as in the instant case, the premises to be searched consist of the accused's private dwelling. See Wolff v. State, 291 So.2d 15, 16 (Fla. 3d Dist. 1974). As stated by the court in State v. Schectman, 291 So.2d 259, 261 (Fla. 4th Dist. 1974), a strict construction of §933.07 mandates that "the 'property specified' [evidence of crime] . . . is required to be brought before the committing magistrate." In State v. Dawson, 276 So.2d 65, 66 (Fla. 1st Dist. 1973), a search warrant was held "defective on its face by failing to contain the command that the person executing the warrant bring the property found and the person in possession thereof before the magistrate issuing the warrant or some other court having jurisdiction of the offense as prescribed by §933.07, Florida Statutes." Accord, Laiser v. State, 299 So.2d 39 (Fla. 4th Dist. 1974).

This court considers that if failure of a search warrant to include the express command to bring the items seized to a court of competent jurisdiction will vitiate the validity of a search made pursuant to said warrant, then it is surely a more egregious error in the *execu-*

*tion* of a warrant which *does* direct the return of the property to the court to fail to obey that command.  Cf.  Laiser v. State, supra.

It is therefore ordered, considered and adjudged that the defendants' motion to suppress be and the same is hereby granted.