PER CURIAM.
By this interlocutory appeal, the State seeks reversal of the Order granting the defendant’s motion to suppress all evidence seized pursuant to a defective search warrant.
It is our conclusion that this case falls squarely within the opinion announced in the case of Laiser v. State, 299 So.2d 39 (Fla.App.4th, 1974) and we affirm. That case, relying upon the prior decision of this Court in State v. Dawson, 276 So.2d 65 (Fla.App. 1st, 1973) held that the phrase “[to] be disposed of according to law” in a search warrant commanding an officer to keep seized property in their possession, does not satisfy by implication the mandate of F.S. § 933.07, requiring that the property be brought before the magistrate. The warrant herein, by failing to command the executing officer to return the seized property to the issuing judge or another court having jurisdiction, was defective and invalid, and the trial court properly granted defendant’s motion to suppress all evidence seized pursuant to such warrant.
Affirmed.
JOHNSON, Acting C. J., and BOYER and MILLS, JJ., concur.