PER CURIAM.
By this interlocutory appeal, the State seeks reversal of the Order granting the defendants’ motion to suppress. The motion to suppress alleged that the search warrant was defective on its face because it did not contain a command that the property to be seized be brought before a court having jurisdiction of the offense as required by F.S. § 933.07.
It is our conclusion that this case falls squarely within the opinion announced in the case of Laiser v. State, 299 So.2d 39 (Fla.App. 4th, 1974) and we affirm. That case, relying upon the prior decision of this Court in State v. Dawson, 276 So.2d 65 (Fla.App. 1st, 1973) held that the phrase “to be disposed of according to law” in a search warrant commanding an *797 officer to keep seized property in their possession, does not satisfy by implication the mandate of F.S. § 933.07, requiring that the property be brought before the magistrate. Also see State v. Jones, 307 So.2d 456 (Fla.App. 1st, 1975). The warrant herein, by failing to command the executing officer to return the seized property to the issuing judge or another court having jurisdiction, was defective and invalid, and the trial court properly granted defendants’ motion to suppress all evidence seized pursuant to such warrant.
Affirmed.
JOHNSON, Acting C. J., and BOYER and MILLS, JJ., concur.