322 So.2d 490 (1975)
STATE of Florida, Petitioner,
v.
Stephen Allen LAISER, Respondent.
No. 46276.
Supreme Court of Florida.
October 29, 1975.
*491 Robert L. Shevin, Atty. Gen., C. Marie Bernard, Asst. Atty. Gen., and John Scarola, Asst. State Atty., for petitioner.
Philip G. Butler, Jr., of Foley, Colton and Butler, West Palm Beach, for respondent.
ENGLAND, Justice.
By petition for a writ of certiorari, we are asked to review a decision of the Fourth District Court of Appeal, reported at 299 So.2d 39, involving the custodial duties of law enforcement officials with respect to evidence seized under a valid search warrant. Jurisdiction for our review is conferred by Article V, Section 3(b)(3) of the Florida Constitution, in that the district court's opinion affects all sheriffs of the state in the performance of their duties. Richardson v. State, 246 So.2d 771 (Fla. 1971).
Laiser was charged with possession of marijuana in violation of Florida law, and timely moved to suppress incriminating evidence which was seized pursuant to a valid search warrant. Laiser's motion suggested the invalidity of the warrant, in that it failed to command a return of the property to the issuing court as required by Florida law. The motion was denied by the trial court, but on appeal the district court held that denial of the motion was error. We disagree and hold that the warrant was valid on its face.
The search warrant issued in this case recited in relevant part that the appropriate state officials:
"Are hereby commanded ... in the name of the State of Florida ... to enter the said premises hereinbefore specified, to there diligently search for `illegal narcotics and/or dangerous drugs' and if the same, or any part thereof, shall be found on said premises then you are authorized and commanded to seize and safely keep the same in your possession to be disposed of according to law, and to arrest the said `person/s unknown' or any other person found violating the law in connection with the same, and to bring them before `the County Court of the 15th Judicial Circuit, Criminal Division' or before any other Court having jurisdiction of the offense, to be dealt with according to law... ."
Section 933.07, Florida Statutes (1973), states that search warrants shall command the searching officer to bring any seized property before the magistrate or some other court having jurisdiction of the offense. The State argues that the warrant in this case was in substantial compliance with the statute, since it commanded the searching officer "to bring them" (meaning the property seized and the individuals arrested) before the appropriate court. The State further suggests that the warrant's other directives, taken as a whole, import the requisite statutory commands into the warrant.
The district court below, and Laiser here, state that a search warrant must conform strictly to the statute which authorizes its use,[1] and that the imperative expressed in the statute is of constitutional significance when considered in the light of search and seizure provisions of the Federal and Florida Constitutions.[2] It is relevant to note here that Laiser does not contend that the searching officer in this case failed to bring the seized property within the jurisdiction of the appropriate court. He suggests only that the officer was not required by the language of the warrant itself to bring the seized property *492 to the judicial officer upon whose directive the search warrant was issued.
Recognizing that the erosion of constitutional rights is often effected in subtle ways by minute gradations, we have approached Laiser's constitutional contentions with the delicacy and concern that our lore of jurisprudence directs.[3] We find, however, that the problem in this case is statutory only, and not of constitutional dignity. The Florida Constitution specifically deals with the procedural aspects of search warrant issuance, in furtherance of the ban on unreasonable searches and seizures. The focus of constitutional concern is specificity and reliable justification for conducting the search.
"[T]here is no process known to the law, the execution of which is more distressing to the citizen or that actuates such intense feeling of resentment on account of its humiliating and degrading consequences. As thus enunciated the law is in line with and is no doubt the child of our Anglo-Saxon spirit of liberty which holds every man's house or dwelling as his castle, and which declares that it must not be invaded or subjected to an uninvited search, except by a duly qualified officer, and then only in pursuance of a valid writ commanding it."[4]
The enumeration of pre-issuance requisites in Section 12, Article I of our Constitution,[5] and the like demands of the Federal Constitution, clearly indicate that post-seizure protections for that which is seized are not of constitutional stature.[6]
We turn then to the statute which governs the post-seizure conduct of law enforcement officers, to determine whether that legislation requires the same strict interpretation which we have imposed for pre-seizure protections. Obviously the statute was designed to insure that an accused can inspect that which was seized prior to arraignment or trial, that the evidence will not be altered or substituted in any way, and that the seized contraband remains within the jurisdiction of the circuit court at all times after its seizure. In light of these purposes for controlling post-seizure conduct, we conclude that substantial compliance is sufficient where no prejudice is shown.[7]
The language of the warrant in this case substantially complied with the requirement of Section 933.07, Florida Statutes (1973). It was couched in terms sufficient to provide the safeguards necessary to insure that there was no prejudice to Laiser. We reject as unworkable and unnecessarily technical any suggestion that the statute requires a warrant to direct the physical return of evidence to the issuing magistrate himself in all cases.[8] Laiser does not assert any prejudice in the handling or disposition of the seized evidence in this case.
*493 The decision of the Fourth District Court of Appeal is quashed, and the trial court's denial of Laiser's motion to suppress evidence is affirmed.[9]
ADKINS, C.J., and ROBERTS, BOYD and OVERTON, JJ., concur.
NOTES
[1] The district court relied on State v. Dawson, 276 So.2d 65 (1st DCA Fla. 1973) and State v. Schectman, 291 So.2d 259 (4th DCA Fla. 1974) both of which involved the return of persons, not property, to an appropriate court. Laiser here also urges reliance on Jackson v. State, 87 Fla. 262, 99 So. 548 (1924), reciting in general that search warrant statutes must be strictly construed.
[2] U.S.Const. Amendment IV; Fla. Const. art. I, § 12 (1968).
[3] See e.g., Jackson v. State, supra note 1.
[4] Jackson v. State, 99 So. at 549 (Fla. 1924).
[5] The Constitution requires pre-issuance probable cause, supported by affidavit particularly describing the place to be searched, the things or persons to be seized, and the nature of the evidence to be obtained.
[6] Cf., Evans v. United States, 242 F.2d 534, 536 (6th Cir.), cert. denied, 353 U.S. 976, 77 S.Ct. 1059, 1 L.Ed.2d 1137 (1957).
[7] This same conclusion was reached in Nofs v. State, 295 So.2d 308 (2d DCA Fla. 1974). That same court has applied a common sense and practical approach to this statute in Nichols v. State, 231 So.2d 526, 528-29 (2d DCA Fla. 1974). See also Joyner v. Lakeland, 90 So.2d 118, 122 (Fla. 1956).
[8] Seized evidence may be so large or heavy as to be incapable of manual delivery to the magistrate's custody. Constructive custody has always been adequate in these cases. Size, bulk or weight, of course, do not diminish the magistrate's responsibility to retain that which is seized within the jurisdiction of the court or to protect the accused's and the state's rights to have the integrity of the evidence preserved.
[9] We note that the decision below was relied upon and followed in State v. Jones, 307 So.2d 456 (1st DCA Fla. 1975). Four days after that decision was entered, the State formally filed a declaration in circuit court that Jones would not be further prosecuted in state court on the allegations in the information originally filed against him. Nonetheless, the State requested from us both a writ of certiorari to review the district court's decision, which we denied on June 26, and a rehearing on our denial. To prevent a seeming conflict between our opinion here and our action in that case, we have granted rehearing there in order to quash the district court's decision.