PER CURIAM.
Pursuant to this court’s opinion of July 31, 1975 and reported in 318 So.2d 167, Fla.App., jurisdiction of this interlocutory appeal was temporarily relinquished to the trial court “for the sole and only purpose of having the court enter an order setting forth therein the grounds upon which it granted the order of suppression.”
The pertinent factors giving rise to a relinquishment of jurisdiction and the circumstances giving rise to the interlocutory appeal are more fully set forth in this court’s prior opinion (see State v. Richardson, supra).[1]
*391 As a consequence of our remand and in an effort to assist this court in arriving at a proper appellate solution the trial court obligingly proceeded to enter an order setting forth the basis upon which the prior order of suppression was granted.
The state previously contended that the trial court’s order of suppression had been based entirely upon an erroneous interpretation of this court’s recent decision in Laiser v. State, 299 So.2d 39 (Fla.App.4th 1974). In Laiser, this court agreed with the defendant’s contention that the search warrant there was invalid “in that it failed to command a return of the property to the issuing court as required by Florida law”. However, this decision was reversed by the Supreme Court (see State v. Laiser, 322 So.2d 490 (Fla.1975)).
The trial court’s order entered upon remand reflects that the trial court’s order of suppression was based upon a consideration of factors other than Laiser v. State. The order indicates that the trial court considered the companion trial proceeding of State of Florida v. John L. Martin, Jr., which arose out of the same episode for which the appellant Richardson was informed against. In the Martin proceedings the court similarly entered an order of suppression which reflected consideration of certain facts, Martin’s motion, a deposition and the recent decisions in State v. Schectman, 291 So.2d 259 (Fla.App.4th 1974); Wolff v. State, 291 So.2d 15 (Fla.App.3d 1974), and Laiser v. State, supra.
Upon review of the trial court’s order on remand and upon examination of the pertinent documents and orders in the appellate record we are of the opinion that the trial court’s order of suppression in the instant appeal was erroneous. In particular, the recent decisions of the Supreme Court in State v. Laiser, supra (reversing Laiser v. State, supra) and State v. Wolff, 310 So.2d 729 (Fla.1975) (reversing Wolff v. State, supra), support the proposition that the search warrant in question was consistent with the statutory and decisional law. See also Findlay v. State, 316 So.2d 33 (Fla.1975). The trial court did not have the benefit of the aforementioned decisions since they were rendered after the entry of the order under review.
In Lasier the Supreme Court held that it was not necessary that a search warrant direct the physical return of the evidence to the issuing magistrate in all cases. In Wolff the Supreme Court held that an affidavit for a search warrant may be based on hearsay information. In Findlay the Supreme Court held that an affidavit in support of a warrant was sufficient despite the fact that it may have contained information obtained from informants whose reliability was not established where the affidavit also reflected personal observations. The affidavit and search warrant in the instant case fall within the permissible limits of the aforementioned decisions.
Accordingly, the order of suppression is vacated and set aside and the cause remanded to the trial court for such other proceedings as may be consistent herewith.
REVERSED AND REMANDED.
CROSS, OWEN and MAGER, JJ., concur.

. This court previously commented upon the failure of the state to furnish a stenographic record of the suppression proceedings or a stipulation of pertinent events. Although the *391 state contended no testimony was taken and that the hearing consisted solely of argument of counsel a stenographic record or stipulation would have enabled this court to determine the underlying rationale for the entry of the appealed order without having to further burden the trial court and this court.