ENGLAND, Justice
(concurring).
I originally agreed to accept tentative jurisdiction and to hear oral argument in this case in order to explore petitioner’s contention that the action of the First District Court of Appeal affected a class of constitutional or state officers.[1] The jurisdictional briefs of the parties raised the possibility that the district court’s order of prohibition would operate to bar the Department of Legal Affairs, the Governor, the Cabinet and Florida’s state attorneys from launching administrative proceedings or adopting rules necessary to enforce and implement the state’s most effective consumer protection legislation — the so-called little FTC act.[2]
It became apparent during oral argument in this case that the writ of prohibition issued by the First District Court of Appeal was not intended to operate as broadly as first appeared. The order “prohibited [the Department of Legal Affairs] from proceeding against the [respondents here] in attempting to exercise any jurisdiction under Chapter 501.204(1), Florida Statutes.” The restrictive view of that order taken by my colleagues is obviously correct, for it is only if the order is confined to the narrow issue presented to the district court by the Attorney General that it would be within the power or authority of that court to enter. For that reason, I agree with the majority that the Department of Legal Affairs, the Governor and the Cabinet, as rule-makers under the act,[3] are not affected by this lawsuit. Similarly, the offices of state attorney throughout Florida, in their capacity as enforcing authorities under the act,[4] are in no way affected by the district court’s decision. It follows that there is no “class” of constitutional or state officers affected by the district court’s limited order, and that only one agency of state government, the Department of Legal Affairs, is affected.
In Spradley v. State[5] we recently contracted our jurisdiction as to matters alleged to affect a class of constitutional or state officers in an effort to stem the erosion of finality in the district courts. My views being wholly sympathetic to that end,[6] I find no policy basis on which to suggest that we revisit and broaden Sprad-ley. It is not amiss, however, to note the effect that Spradley has had on our jurisprudence. My research indicates that, dating from its adoption in May 1974 to the present, only two cases have been accepted by this Court on the jurisdictional ground that a requisite class of officers was affected by a district court’s decision.[7] Many assertions to that effect have been made, of *1283 course, but only two have prevailed. It may well be that there simply have not been in litigation during this period many cases decided by the district courts which would fall into the narrow area for which this category of cases has now been reserved. Still, the category is expressly provided in the Constitution and we have a clear obligation to give it meaning when appropriate. Had the enforcement powers of the state attorneys been impinged by the district court in this case, for example, or had the Cabinet’s, we might well have had a different responsibility.
OVERTON, C. J., and ADKINS, J., concur.

. We have discretionary certiorari jurisdiction to review district court decisions which affect “a class of constitutional or state officers.” Article V, § 3(b)(3), Fla.Const.

. Part II, ch. 501, Fla.Stat. (1975). We recently upheld the constitutionality of this act in Dep’t. of Legal Affairs v. Rogers, 329 So.2d 257 (Fla. 1976).

. See Section 501.205, Fla.Stat. (1975).

. Section 501.203(4), Fla.Stat. (1975).

. 293 So.2d 697 (Fla. 1974), receding from the broader view of our jurisdiction in this area as applied in Richardson v. State, 246 So.2d 771 (Fla.1971).

. Among others see Carter v. State, 331 So.2d 293, 294 (Fla. 1976) (concurring opinion); National Airlines, Inc. v. Edwards, 336 So.2d 545, 547 (Fla. 1976) (dissent).

. Heath v. Becktell, 327 So.2d 3 (Fla. 1976); State v. Laiser, 322 So.2d 490 (Fla. 1975).