HOBSON, Judge.
Appellant entered a plea of guilty to a charge of aggravated assault and was sentenced to the maximum of five years imprisonment plus a three thousand dollar fine or an additional year in prison should he fail to pay the fine. Appellant: was found to be indigent and has been represented by the Public Defender throughout the lower and appellate court proceedings.
Appellant’s sole point on appeal is that Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), requires that the part of his sentence providing that he must serve an additional year of imprisonment if he fails to pay the three thousand dollar fine be set aside because it constitutes an impermissible discrimination between defendants able and unable to pay a fine.
We agree. In Williams, supra, it was held:
“ * * * We hold only that a State may not constitutionally imprison beyond the maximum duration fixed by statute a defendant who is financially unable to pay a fine, (emphasis ours)
See also Schreck v. State, Fla.App.1970, 240 So.2d 873, and Gary v. State, Fla.App.1970, 239 So.2d 523.
In the recent U.S. Supreme Court’s opinion in Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971), it was held:
“We emphasize that our holding today does not suggest any constitutional infirmity in imprisonment of a defendant with the means to pay a fine who refuses or neglects to do so.”
*27 Therefore, if appellant is not indigent at the expiration of his prison sentence this opinion does not prevent his incarceration for failure to pay his fine.
Accordingly, that portion of the sentence which provides that in default of payment of the three thousand dollar fine the appellant be imprisoned for an additional year is vacated.
The judgment and sentence as modified are affirmed.
LILES, A. C. J., and MANN, J., concur.