PER CURIAM.
This is a petition for certiorari by Kenneth Hemmerle to review an order of the Circuit Court for Broward County, Florida, which dismissed the petitioner’s appeal to that court from a judgment of the Municipal Court of the City of Wilton Manors. The record before us consists solely of the petition for certiorari (originally filed in the Florida Supreme Court) and the following certified papers from the Circuit Court: (1) Motion to Dismiss Appeal filed by the City of Wilton Manors; (2) Notice of Hearing; (3) circuit court order granting the motion; (4) Petition for Rehearing; and (5) order denying petition.
From the foregoing documents it appears that the petitioner was convicted in the Municipal Court of the City of Wilton Manors on 21 January 1970 for violating a traffic ordinance. The petitioner then appealed to the Broward County Circuit Court. The appeal was dismissed on motion by the City evidently on the ground that the appellant (petitioner here) failed to perfect his appeal by furnishing an adequate record.
The petitioner’s brief presents us with three contentions. First, he contends that he was not required to file a “transcript” of the proceedings and record in the circuit court because F.S.1969, section 59.27(4), F.S.A., provides that where the trial and appellate courts are in the same county, a “transcript of the proceedings and record” in the trial court is not required. The entire sense of the statute, however, is that where a “transcript” is not furnished the original documents must be furnished to constitute the record on appeal. The petitioner in our case simply quotes the statute out of context and apparently urges that it obviates any requirement to provide a record. In addition to this fallacy, the statute has been superced-ed by that part of Florida Appellate Rule 6 which deals with the preparation of the record on appeal in criminal cases. (Please note that Rule 6 dealing with criminal appeals specifically applies to appeals from municipal courts. See Rule 6.1, FAR.)
The petitioner’s second contention is that under Section 932.52(8), F.S.1969, proceedings in pais may be brought to the appellate court’s attention by recitals in the order on appeal and stipulations of the parties, etc. There are two problems with this argument. In the first place this statute has also been superceded by the aforementioned appellate rule. In the second place there is no allegation either in the brief of the petitioner or in the petition for certiorari that the facts before the municipal court were presented to the circuit court in the manner provided by statute.
 The third contention by the petitioner is that because the briefs had been filed in the circuit court prior to the motion to dismiss, the motion to dismiss was tardy under Rule 3.9(c), FAR. That rule does provide that motions to dismiss shall be filed before briefs are in; however, *148 that rule has no application to criminal appeals. Furthermore, even if the rule did apply, it would be immaterial because an appellate court has the express power under Rule 6.13, FAR, as well as the inherent power to dismiss an appeal on its own motion where the same is not properly prosecuted. See Bell v. Bell, Fla.1955, 81 So.2d 526 and Prevatt v. Link, Fla.App.1958, 107 So.2d 37.
Indulging the presumption of correctness in favor of the ruling of the circuit court, we assume that the basis for the dismissal by that court of the petitioner’s appeal was the failure of the petitioner to bring to the circuit court, in any form, a record of the trial proceedings in the municipal court. This of course is a proper basis for dismissal or affirmance by the circuit court. See City of South Bay v. Armstrong, Fla.App.1966, 188 So.2d 21.
For the above reasons we see no ground for review by certiorari.
Certiorari denied.
REED, C. J., and WALDEN and OWEN, JJ., concur.