JOHNSON, Judge.
This is an appeal from a final judgment, pursuant to a nolo contendere plea to the offense of breaking and entering with intent to commit a misdemeanor, petit larceny, Appellant’s nolo contendere plea was accepted and appellant was sentenced to five years imprisonment, the maximum *472 penalty provided by law, and was ordered to pay costs of $101.00 or 91 days in the county jail.
Appellant now contends that the trial court erred in accepting his nolo con-tendere plea without making a complete inquiry as to whether he knowingly and intelligently waived all the constitutional rights involved. We have carefully examined the transcript herein and find this point to be substantially without merit. Dill v. State, 248 So.2d 502 (Fla.App. 1st, 1971).
Appellant next contends that the sentence of five years plus 91 days in default of payment of costs was in excess of the maximum imprisonment allowed by law inasmuch as appellant was adjudged insolvent. With this contention, we agree.
As stated in Williams v. Illinois, 399 U. S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970):
“ * * * a State may not constitutionally imprison beyond the maximum duration fixed by statute a defendant who is financially unable to pay a fine.”
and
“ * * * The Equal Protection Clause of the Fourteenth Amendment requires that the statutory ceiling placed on imprisonment for any substantive offense be the same for all defendants irrespective of their economic status.”
Also see Dunn v. State, 247 So.2d 26 (Fla.App. 2nd, 1971).
For the reasons hereinabove set out, that portion of the sentence which provides for 91 days in the county jail in default of the payment of $101.00 in costs is vacated.
The judgment and sentence as modified herein are affirmed.
SPECTOR, C. J., and MILLS, E. R., Jr., Associate Judge, concur.