286 So.2d 218 (1973)
Peter HOLDEN, Appellant,
v.
CITY OF FORT LAUDERDALE, Appellee.
No. 72-964.
District Court of Appeal of Florida, Fourth District.
December 7, 1973.
Joseph Schmier and David Drucker, Miami Beach, for appellant.
Thomas P. Quinn, Fort Lauderdale, for appellee.
MAGER, Judge.
Petitioner seeks review by certiorari of an order of the Circuit Court quashing *219 petitioner's appeal to that court from a judgment and sentence of the Municipal Court of the City of Fort Lauderdale.[1]
In the absence of a showing that the lower court exceeded its jurisdiction or proceeded in derogation of the essential requirements of law certiorari will not lie to the District Court of Appeal. State v. Smith, Fla. 1970, 240 So.2d 807. The issue to be determined is whether the Circuit Court departed from the essential requirements of law in quashing petitioner's appeal where the only point involved therein was whether the judgment and sentence of the Municipal Court was cruel and unusual and excessive.[2] It is the established law in this State that a determination of the sentence to be imposed falls within the discretion of the trial court; the exercise of that discretion will not be disturbed if the sentence imposed does not exceed the bounds established by statute. Infante v. State, Fla.App. 1967, 197 So.2d 542. Inasmuch as that portion of the sentence about which petitioner complains falls within the limits of the municipal ordinance such sentence is neither excessive nor illegal.[3] Infante v. State, supra. Therefore, the imposition of the sentence of the Municipal Court and the subsequent action by the Circuit Court cannot be considered "in derogation of the essential requirements of law."
In light of the foregoing we find no basis for review by certiorari.[4]
Certiorari denied.
CROSS and DOWNEY, JJ., concur.
NOTES
[1] Petitioner apparently plead guilty to the charge of engaging in the business of roof painting without a valid occupational license and soliciting without first having been registered. Petitioner asserted that a 60-day sentence and a $500.00 fine for each charge was "cruel and unusual" and excessive. Although these sentences appear on their face to be unduly harsh when related to the particular offenses, it is not the function of an appellate court to substitute its judgment for that of the sentencing court where such sentence is within the limits of the municipal ordinance. Moreover, there may have been other matters considered by the Municipal Court before imposing sentence, which this court has no way of ascertaining or determining because of the insufficient record presented herein. See footnote 4, infra.
[2] No response was filed by the City of Fort Lauderdale. Under the Florida Appellate Rules it is the duty of the successful party, whether he be an appellee or respondent, to file a brief with the reviewing court. Failure to file a brief not only results in the forfeiture of the right to oral argument but more important is unfair to the trial judge in failing to support his ruling and places an undue burden upon the appellate court.
[3] The sentence imposed on each charge by the Municipal Court, as indicated by the record before this court and from petitioner's brief, appears to have been 500 (dollars) or 81 days + 60 days. The only claim made by the petitioner is that the $500.00 fine, plus the 60-day sentence was "cruel and unusual" and excessive. The petitioner does not challenge the "81 days", which would appear to have been imposed as an alternative to the nonpayment of the fine. Except for jurisdictional or fundamental error, an appellate court should abstain from passing upon matters which are neither raised below nor argued on appeal. There is no suggestion or intimation that the imposition of a sentence to prison in default of payment of fines is unconstitutional. The reported cases have indicated that the imposition of a sentence to prison in excess of the maximum provided by law does not in itself violate any of the constitutional rights of a defendant unless it is made to appear from the record that the defendant is unable because of indigency to pay the prescribed fine. City of Orlando v. Cameron, Fla. 1972, 264 So.2d 421; Owens v. State, Fla.App. 1971, 253 So.2d 471. See also Dunn v. State, Fla.App. 1971, 247 So.2d 26. The record in the case sub judice is silent as to the issue of indigency or for that matter any assertion or contention regarding a sentence alternative to the payment of a fine.
[4] Petitioner has not furnished this court with sufficient record of the proceedings upon which to predicate a petition for writ of certiorari and accordingly certiorari must be denied on that basis alone. Hemmerle v. City of Wilton Manors, Fla.App. 1971, 251 So.2d 146. It may be presumed it was for that reason the trial court "quashed" petitioner's appeal. Hemmerle v. City of Wilton Manors, supra.