309 So.2d 25 (1975)
Antonio Morris RAMIREZ, Jr., Appellant,
v.
Rose Anna RAMIREZ, Appellee.
No. 74-1086.
District Court of Appeal of Florida, Fourth District.
April 18, 1975.
*26 J. Russell Hornsby, Law Offices of J. Russell Hornsby, Orlando, for appellant.
No appearance for appellee.
MAGER, Judge.
Upon consideration of the brief of the appellant and the record herein we are of the opinion that the trial court erred in ordering that the parties dispose of the jointly owned marital domicile within thirty days or if such was not done the marital domicile was to be sold at a partition sale.
The trial judge correctly determined that the parties would hold the jointly owned property as tenants in common. F.S. § 689.15. However, after the proportionate share of each party has been fixed in jointly owned property, and the marriage dissolved, it is then up to the parties themselves to determine whether their property should be partitioned or disposed of in some other manner. Valentine v. Valentine, Fla. 1950, 45 So.2d 885; Bergh v. Bergh, Fla.App. 1961, 127 So.2d 481.
In the absence of an agreement of the parties or appropriate pleadings praying for partition (both of which we find to be lacking in the case sub judice), the trial court has no authority to partition jointly owned property or affect what might amount to a property settlement between the parties or dispose of such properties as an incident of the divorce. Coscia v. Coscia, Fla.App. 1972, 262 So.2d 254; Niemann v. Niemann, Fla.App. 1974, 294 So.2d 415. In such instance, the trial court may provide only that the property held at the time of the divorce as an estate by the entireties shall be owned by the parties in equal shares as tenants in common.
Accordingly, that portion of the final judgment herein mentioned requiring the disposition of the marital domicile is vacated and the cause remanded to the trial court for further proceedings as may be deemed appropriate to affect compliance with this order; in all other respects the final judgment is affirmed.
CROSS and DOWNEY, JJ., concur.