MAGER, Judge.
By interlocutory appeal the state seeks to review an order of the trial court granting defendant’s motion to suppress all evidence “illegally” seized.
The state contends that the trial court’s order of suppression was based upon an erroneous interpretation of this court’s decision in Laiser v. State, Fla.App. 1974, 299 So.2d 39. The state asserts that the trial court held the search warrant to be defective only because of the failure of the warrant to indicate with specificity and particularity the court to which the seized property should be returned, i. e. the circuit court or the county court.[1]
Although the order of suppression (which appears in the appendix to the state’s brief) reflects a determination that the controlled substances seized from defendant’s apartment were “illegally seized” no reason is given for this determination; it is impossible, therefore, for this court to ascertain the underlying basis and grounds for the entry of the order of suppression. No further light is shed on this matter because of the absence of any transcript of testimony which might have supplied us with the trial judge’s reasoning. The state points out, however, that the hearing on defendant’s motion to suppress was not reported and that no witnesses were called.[2] While the absence of a transcript may not necessarily be fatal to appellate review where no testimony is presented and the facts are not in dispute, nonetheless, we are unable to ascertain from the face of the order of suppression the essence or extent of the legal issue presented for appellate review.
Most vexing, is the failure of the public defender to file a brief or other response. As this court observéd in Ramirez v. Ramirez, Fla.App.1975, 309 So.2d 25, 26 (footnote 1):
“. . . Failure to file a brief not only places an undue burden upon the appellate court but, additionally, reflects an omission of the responsibility on the part of the appellee to support the ruling of *169 the trial court. If the trial court’s ruling is not worthy of support then the appel-lee ought to confess error and join with the appellant in seeking a reversal. Cf. Holden v. City of Fort Lauderdale, Fla.App.1973, 286 So.2d 218.”
Inasmuch as the instant case involves state-appointed and state-paid counsel representing an indigent defendant in a criminal case the failure to make an appellate presentation is inexplicable and inexcusable.
Although this court might dispose of this case by the simple expedient of affirming because of an insufficient record, or, alternatively, by accepting the unrefuted representations of the state and resolving the issues on the merits,[3] the current status of the record is such as to indicate that either action might be somewhat precipitous. Therefore, in fairness to the litigants and in furtherance of the efficient disposition of the appellate function the practical solution seems to be to relinquish control of this cause to the trial court, temporarily, for the sole and only purpose of having the court enter an order setting forth therein the grounds upon which it granted the order of suppression. Cf. State v. Bruno, Fla.1958, 104 So.2d 588.[4] Hopefully all of the judicial labor involved in this cause will not be completely wasted if in the future both the state and the public defender will take such steps to insure that hearings involving appealable orders will be preserved either stenographically or by stipulation and if appellees will fully discharge their duties and responsibilities imposed by the appellate rules. Presumably, thereby we might be able to avoid further congesting an already overburdened court system, both trial and appellate.
Remand, with directions.
OWEN and CROSS, JJ., concur.

. Neither sec. 933.07, F.S., nor the decision in Laiser v. State, supra, require this degree of specificity. A search warrant legally complies with the statutory requirements when it contains a command that the seized property be returned either to the issuing judge or another court having jurisdiction. See State v. Jones, Fla.App.1975, 307 So.2d 456.

. The order of suppression tends to confirm the representation that no testimony was presented: “ . . . Defendant’s Motion to Suppress having come before the Court this date, and the Court having heard argument of both the State and Counsel for the Defendant, and the Court having otherwise fully been advised in the premises, it is hereby,..."

. See foootnote 2, infra.

. If necessary, the parties may resort to a stipulated statement of facts in order that the record adequately reflects what actually, transpired. See Rule 3.6h; see also Jackson v. Granger Lumber Company, Inc., Fla.App.1973, 275 So.2d 555; Moyer v. Moyer, Fla.App.1959, 114 So.2d 638.