MAGER, Judge.
Upon review and consideration of the brief of the appellant and the record herein we are of the opinion that no reversible error has been demonstrated and the judgment appealed from should be affirmed. We cannot help but note, however, the fact that the appellee has not favored this court with a brief as is, we perceive to be, his duty. Brown v. Fine, Fla.App.1958, 102 So.2d 830. As this court observed in Ramirez v. Ramirez, Fla.App.1975, 309 So.2d 25 (footnote 1):
“. . . Failure to file a brief not only places an undue burden upon the appellate court but, additionally, reflects an omission of the responsibility on the part of the appellee to support the ruling of the trial court. If the trial court’s ruling is not worthy of support then the appel-lee ought to confess error and join with the appellant in seeking a reversal. Cf. Holden v. City of Fort Lauderdale, Fla.App.1973, 286 So.2d 218.”
Judicial recognition of the duty and responsibility to file an appellee’s brief is not of recent origin. As early as 1897, the Supreme Court of Florida in Chamberlain v. Lesley, 39 Fla. 452, 22 So. 736, 737, made the following pertinent observations which we feel hear repetition:
“This is one of the many cases in this court wherein we are left to make an independent investigation for authorities in support of the judgment of the court below without the aid of a brief or argument on the part of the appellee. The delicate compliment so often paid to our ability and industry by these failures on the part of counsel for appellees to brief cases in this court we cannot fail to appreciate, nevertheless we suggest to litigants and counsel that, owing to the present congested state of our docket, and our earnest endeavors to rapidly dispose of the mass of cases now before us, we are willing to renounce these implied compliments, for a time at least, in order that we may have the benefit of counsel’s investigations, to aid us in performing these responsible duties. Under our rules a party appellant is in many ways punished for his failure to brief his case, and the rules require an appellee to file briefs with us, though no penalty is named for his failure to do so. We think a moment’s reflection on the part of members of the profession will convince them that their duty to this court, their clients, and the state requires that in all cases here represented by them they should brief the questions involved on appeal, not only because it may aid to secure a just and correct decision of these questions, but because this court is thereby enabled to dispose of its business more rapidly than it otherwise could do. In the accomplishment of the task now before us, of clearing the docket, we ask the co-operation of the profession, and the most substantial assistance they can give us is in the manner suggested.”
In furtherance of the object and purposes to he served thereby we are hopeful that the foregoing comments will be accepted in the respectful spirit in which they are intended.
Affirmed.
CROSS and OWEN, JJ., concur.