335 So.2d 13 (1976)
In re the MARRIAGE OF Frank J. ARNOLD, Appellant, and Catherine M. ARNOLD, Appellee.
No. 75-1172.
District Court of Appeal of Florida, Fourth District.
July 16, 1976.
Abraham B. Rosenberg, Grossbard & Rosenberg, Davie, for appellant.
Wolff, Gora & Courtney, Ft. Lauderdale, for appellee.
LEE, THOMAS E., Associate Judge.
This is an appeal by the Husband (petitioner below) from a judgment of dissolution of marriage proceeding filed by him against the Wife (respondent below) from a marriage that was entered into on August 29, 1937, in Revere, Massachusetts. Except for a World War II separation, the parties lived together as Husband and Wife until April 8, 1965. After which they purchased a home in North Miami, Florida, and took title thereto as tenants-by-the-entirety. Prior to that date, the Husband had been transferred by his employer to Florida; subsequent to the separation the Husband moved to Broward County and has continued in his employment but is approaching retirement. Since *14 the date of dissolution of marriage he has become married and resides in a mobile home. The Wife resides in the North Miami residence and has been employed in past years as a department store cashier but is unemployed at this time.
The trial court in its final Dissolution Of Marriage ordered the Husband to convey his interest in the marital home to the Wife as lump-sum alimony; $75.00 per week as periodic alimony; 5 shares of stock in General Instrument Company as further lump-sum alimony and that the parties submit Affidavits as to attorney fees. The Appellant has assigned as errors the awarding of his interest in the marital home and its furnishings to the Wife; the payment of $75.00 per week as periodic alimony together with the transfer of 5 shares of stock and the ordering of the use of affidavits to prove up attorney fees.
The appellant and appellee were both represented by legal counsel below as well as in this Court but the Wife's attorney failed to file additional pleadings following her motion to dismiss the appeal. This Court has as recently as August, 1975, indicated its displeasure when an attorney of record in the Appellate Court failed to favor this Court with a brief by stating "failure to file a brief not only places an undue burden upon the Appellate Court but additionally, reflects an omission of the responsibility on the part of the appellee to support the ruling of the trial court. If the trial court's ruling is not worthy of support then the appellee ought to confess error and to join the appellant in seeking a reversal." Holden v. City of Fort Lauderdale, Fla.App., 286 So.2d 218; Brown v. Fine, Fla.App., 102 So.2d 830; Ramirez v. Ramirez, Fla.App., 309 So.2d 25 and Bowman v. Bowman, Fla.App., 318 So.2d 186. In the Bowman case the Honorable Gerald Mager wrote a scholarly opinion alluding to the principle that an attorney not only has a duty but an obligation to favor the Appellate Court with a brief.
Considering the first point of this appeal as to whether it was error to award the Husband's interest in the marital domicile, we find the learned trial Judge erred as there is no showing in the record that the Wife has acquired a "special equity" in it. Hanzelik v. Hanzelik, Fla.App., 294 So.2d 116. The trial court also erred in requiring proof of attorney fees by affidavit. Thoni v. Thoni, Fla. App., 179 So.2d 420; see also Provus v. Provus, Fla., 44 So.2d 656; Lyle v. Lyle, Fla.App., 167 So.2d 256 and Ortiz v. Ortiz, Fla.App., 211 So.2d 243.
As to the other points raised on appeal, the Court has determined there is no abuse of judicial discretion in awarding the Wife periodic alimony of $75.00 per week and transfer of 5 shares in General Instrument Company.
We therefore reverse in part and affirm in part the judgment of the trial court and remand the same to the lower court to conduct such further proceedings not inconsistent herewith.
WALDEN, J., concurs.
DOWNEY, J., dissents, with opinion.
DOWNEY, Judge (dissenting).
The record in this case: (a) shows that the appellee wife, 62 years old at the time of trial, has not worked since 1945 (eight years after the parties married), and appellee is dependent upon the $75 weekly support payments the appellant husband has been making since the parties separated in 1962; (b) supports the circuit court's finding that appellee's age and health make it equitable to award appellee lump sum alimony (in the form of the appellant's share of the marital domicile and securities which pay dividends of $12 a year); and (c) demonstrates that the award to the appellee will exercise no financial hardship on the appellant, whose 1974 income tax *15 return (filed as a joint return with a woman other than his wife) showed a gross income of $26,617.
I conclude that the record shows appellee needs lump sum alimony and appellant is able to pay it. I would therefore affirm the judgment of the circuit court. Compare Niemann v. Niemann, 294 So.2d 415, 417 (Fla. 4th DCA 1974), with Bunn v. Bunn, 311 So.2d 387 (Fla. 4th DCA 1975).