347 So.2d 1090 (1977)
Bennie Preston GREENE, Appellant,
v.
Linda Janette GREENE, Appellee.
No. CC-441.
District Court of Appeal of Florida, First District.
July 15, 1977.
*1091 Robert B. Staats, Staats & Nabors, Panama City, for appellant.
Robert M. Moore, Port St. Joe., for appellee.
BOYER, Judge.
Appellant, the former husband, challenges those portions of the final judgment of dissolution of marriage which awarded to the former wife both lump sum and periodic alimony, and made the award of periodic alimony permanent in nature. The final judgment awarded the wife household furnishings and effects. The trial court further ordered $150 a month rehabilitative alimony for two years reserving jurisdiction to then consider any application that the alimony be made permanent. As for the remainder of the real property and cash held by the parties, the trial court divided the proceeds equally.
We agree with the husband that the trial court should not have awarded the marital home, lot, and furnishings to the wife as lump sum alimony. See Marriage of Arnold, 335 So.2d 13 (Fla. 4th DCA 1976) and Jones v. Jones, 330 So.2d 536 (Fla. 1st DCA 1976).
As to the second point, we affirm. The final judgment, insofar as relevant to that point, provides:
"Respondent shall pay to petitioner, as rehabilitative alimony, the sum of $150.00 per month for a period of 24 months * * *; provided, however, that the court reserves jurisdiction during said 24 month period to reduce, increase, or extend the rehabilitative alimony herein provided for, and, at the expiration of the 24 month period to award permanent alimony upon a proper showing of need and ability to pay."
In a somewhat factually similar case we, in Cann v. Cann, 334 So.2d 325 (Fla. 1st DCA 1976), citing Lee v. Lee, 309 So.2d 26 (Fla. 2nd DCA 1975), said:
"Moreover, as the period of rehabilitative alimony draws to a close, the wife may, upon a showing of diligent effort toward rehabilitation which through no fault of her own has been unsuccessful, petition the trial court for an extension of the rehabilitative alimony or an award of permanent alimony."
*1092 Sub judice, our examination of the record leads to the conclusion that appellee established both her need and appellant's ability to pay. We do, however, deem it desirable to observe that neither the trial court's findings as to alimony nor this court's affirmance on the point are res adjudicata to future circumstances. If, prior to or at the end of the two year period specified in the final judgment, appellee has sufficiently rehabilitated herself so as not to require alimony and/or the husband's financial situation has so deteriorated that he is no longer able to meet the demands of the alimony provision, he may petition the court for modification. Similarly, if appellee desires to seek that the alimony be made permanent at the end of the two year period then she may, as provided in the final judgment, petition for such a change.
Affirmed in part and reversed in part.
MILLS, J., concurs.
ERVIN, J., concurs in part and dissents in part.
ERVIN, Judge, concurring and dissenting.
I concur in the court's disposition of all issues except the propriety of the lower court's award of the marital home to the wife for the same reasons set forth in my dissenting opinion in Baggett v. Baggett, 347 So.2d 1063 (Fla. 1st DCA 1977), opinion filed June 29, 1977.