384 So.2d 925 (1980)
Shirley Jayne BARKER, Appellant,
v.
Frank Delano BARKER, Appellee.
No. PP-137.
District Court of Appeal of Florida, First District.
June 13, 1980.
Sharon H. Tanner and John Paul Howard, Jacksonville, for appellant.
*926 Frank Barker, in pro. per., for appellee.
MILLS, Chief Judge.
Mrs. Barker appeals from a final judgment of dissolution of marriage awarding her rehabilitative alimony of $1,000.00 a month for five years, contending the trial court should have awarded her permanent alimony of $1,000.00 a month.
We affirm. Mrs. Barker has failed to show the trial court abused its discretion and as the period of rehabilitative alimony draws to a close, she may, upon a showing of diligent effort toward rehabilitation which through no fault of her own has been unsuccessful, move the trial court for an extension of the rehabilitative alimony or for an award of permanent alimony. Greene v. Greene, 347 So.2d 1090 (Fla. 1st DCA 1977); Cann v. Cann, 334 So.2d 325 (Fla. 1st DCA 1976); Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
We affirm also the amount of alimony and child support awarded because it passes the reasonableness test set forth in Canakaris.
Affirmed.
LARRY G. SMITH, J., concurs.
SHIVERS, J., concurs in part and dissents in part.
SHIVERS, Judge, dissenting in part and concurring in part:
I dissent. I would reverse with directions to convert the award of $1,000 per month rehabilitative alimony to an award of $1,000 per month permanent alimony. The record is uncontroverted that the wife, aged 44, was a devoted wife, mother, and homemaker during the course of this 17 year marriage. She has no employment skills, no special training, and no wage-earning capacity. She has a medical problem with varicose veins which prevents her from standing for long periods of time. Canakaris v. Canakaris, cited by the majority opinion, establishes that the trial court's discretionary awards are subject only to a "reasonableness" test:
... If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy this test of reasonableness.
If the Canakaris decision had stopped at that point, I would be constrained to concur with the majority. However, Canakaris continued:
... The trial court's discretionary power is subject only to the test of reasonableness, but that test requires a determination of whether there is logic and justification for the result. The trial court's discretionary power was never intended to be exercised in accordance with whim or caprice of the judge nor in an inconsistent manner. Judges dealing with cases essentially alike should reach the same result. Different results reached from substantially the same facts comport with neither logic nor reasonableness. (e.s.)
The trial court's discretionary act in awarding rehabilitative alimony instead of permanent alimony fails to meet the reasonableness test of Canakaris in light of similar cases. Cf. Lash v. Lash, 307 So.2d 241 (Fla. 2nd DCA 1975); Messer v. Messer, 342 So.2d 1076 (Fla. 2nd DCA 1977); Gratton v. Gratton, 358 So.2d 262 (Fla. 3rd DCA 1978); Yohem v. Yohem, 324 So.2d 160 (Fla. 4th DCA 1975); Schwartz v. Schwartz, 297 So.2d 117 (Fla. 3rd DCA 1974).
The proper treatment, in my opinion, is to award permanent alimony and to require the husband to petition for modification should the circumstances change. The husband has the ability to pay permanent alimony.
I concur with the majority opinion that the amount of alimony and child support awarded should be affirmed.