400 So.2d 1297 (1981)
Marcia C. QUICK, Appellant,
v.
Donald T. QUICK, Appellee.
No. UU-347.
District Court of Appeal of Florida, First District.
July 7, 1981.
Rehearing Denied August 7, 1981.
*1298 Charles G. Felder, of Clayton, Duncan, Johnston, Quincey, Ireland, Felder & Gadd, Gainesville, for appellant.
William N. Avera, of Avera & Stripling, P.A., Gainesville, for appellee.
ROBERT P. SMITH, Jr., Chief Judge.
Marcia Quick, age 38, appeals the money issues of a dissolution judgment which awarded her, at the end of a 16-year marriage, rehabilitative alimony of $1,500 per month for 33 months, $1,000 per month for 60 months longer (altogether, 8 years of rehabilitative alimony), $500 per month each for the support of two minor children, age 9 and 15, and possession of the parties' large home property, held now as tenants in common. Appellant urges that the chancellor should have awarded her (in descending order of preference) permanent alimony, more rehabilitative alimony, or rehabilitative alimony at a constant $1,500 per month.
Given the purpose of rehabilitative alimony and the chancellor's evident view of appellant's prospects for economic rehabilitation, no error can be found in the amount and prospective reduction of rehabilitative alimony. The chancellor's decision not to award permanent alimony  the judgment did not deny permanent alimony in so many words, but did not award it  is somewhat more problematic, but still, we *1299 think, within the range of discretionary alternatives open under the circumstances.
Appellant's claim for permanent alimony rests on her not inconsiderable showing that her former husband is a medical doctor, practicing as a neurologist, who earns more than $100,000 per year and is evidently well able to pay permanent periodic alimony; that appellant herself has a bachelor's degree in education and was certified and briefly employed, early in the marriage, as an elementary school teacher, but has since devoted her skill and efforts to homemaking and childrearing; and that, despite her admitted opportunity and desire now to reinstate her teaching certificate and gain fulltime employment as a teacher, she cannot now or ever expect to support herself by that means in a way approaching the more than comfortable living standard which she and her husband established during the 16-year marriage.
The main elements of the wife's reasoning may be conceded: Dr. Quick's earnings and ability to pay are not unlimited but are quite substantial, more so than the judgment exploits; Ms. Quick's earning capacity, present and foreseeable, is significant but hardly comparable; he is able to contribute periodically and permanently to sustain her more nearly at the living standard to which the marriage accustomed her, and she cannot maintain that standard herself.
We of course recognize that permanent periodic alimony is awardable "to provide the needs and the necessities of life to a former spouse as they have been established by the marriage of the parties," Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla. 1980), but we do not understand that the chancellor must in all events regard living habits as equivalent to need. On the contrary, the habituated living standard is but an element. Need is determined by reference to
the parties' earning ability, age, health, education, the duration of the marriage, the standard of living enjoyed during its course, and the value of the parties' estates.
Canakaris, supra, 382 So.2d at 1201-02.
In the particular circumstances of this case, the chancellor's judgment seems appropriately aimed at encouraging an educated and relatively young woman, with no evident disability, to reestablish and enhance her earning capacity; supporting her financially as she does so over a projected 8-year period; withholding from her permanent periodic support based on what is known and anticipated at this time; and reserving until later a final determination of whether, or to what extent, she needs, after all, permanent periodic support. On other occasions, under somewhat different circumstances, the chancellor's considered judgment on the alimony question may be different. Only our duty remains constant, which is to conceive of the alternatives as the chancellor did, if possible, and to affirm if the prescribed course of action is within the range of lawful choices under all the circumstances. See, e.g., Sommese v. Sommese, 324 So.2d 647, 648 (Fla. 1st DCA 1976):
We recognize ... that the chancellor might have well awarded rehabilitative alimony and retained jurisdiction to award permanent alimony, so to determine whether Ms. Sommese's economic dependence can and should be mitigated by training. In a proper case such as a procedure would doubtless serve the long term interests of both spouses. [Citations omitted.] But here we must and do affirm the chancellor's order [awarding permanent periodic alimony], recognizing that the manner in which he exercises discretion in resolving these delicate matters must be accorded the utmost respect on appeal.
The chancellor having reserved jurisdiction to enter "such additional orders as may be necessary and proper," we need not revisit the question of whether, without such language in the judgment, Section 61.08, Florida Statutes (1979), enables the chancellor to reconsider the question of permanent periodic alimony during or at the end of the *1300 appellant's period of economic rehabilitation. Compare Stickney v. Stickney, 377 So.2d 187 (Fla. 1st DCA 1979), cert. den., 386 So.2d 642 (Fla. 1980), Hayes v. Hayes, 325 So.2d 455 (Fla. 1st DCA 1976), and Hyatt v. Hyatt, 315 So.2d 11 (Fla. 3d DCA 1975), with Kelly v. Kelly, 361 So.2d 428 (Fla. 4th DCA 1978), and Cantor v. Cantor, 306 So.2d 596 (Fla. 2d DCA 1975). The chancellor has retained that power and, if and when the question is presented, will reconsider the matter in the light of the different circumstances, then, giving the present determination such effect, and only such effect, as it naturally commands.
We find no merit in appellee's cross-appeal. The judgment is AFFIRMED.
MILLS, J., concurs.
WENTWORTH, J., concurs and dissents, with opinion.
WENTWORTH, Judge, concurring and dissenting.
I agree with the majority as to the cross appeal, and with the conclusion that the amount of alimony awarded is not necessarily reversible on this record. However, I would conclude that the judge erred in limiting the award to alimony characterized as rehabilitative, and in ordering an automatic reduction in amount.
The classification of alimony as rehabilitative rather than permanent presents a question of law, and "application of the correct legal rule is not a matter of discretion." Wagner v. Wagner, 383 So.2d 987 (Fla. 4th DCA 1980). Our review on that issue, therefore, is not governed by the reasonableness test of Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), referenced by the majority.
The Florida decisions establish that the standard of need for the award of alimony after a marriage of some duration is "the standard of living enjoyed during its course," Kanakaris, p. 1202 (e.s.), or the "standard ... established during the marriage," § 61.08(2)(a), Florida Statutes. See also Nicolay v. Nicolay, 387 So.2d 500 (Fla. 2d DCA 1980). When one spouse lacks ability or predictable availability of support in a style commensurate with that enjoyed during the marriage, and the other partner has the ability to pay, permanent periodic alimony is required. Messer v. Messer, 342 So.2d 1076 (Fla. 2d DCA 1977), Lash v. Lash, 307 So.2d 241 (Fla. 2d DCA 1975), Lutgert v. Lutgert, 362 So.2d 58 (Fla. 2d DCA 1978), Stiff v. Stiff, 395 So.2d 573 (Fla. 2d DCA 1981).
The majority appears to recognize that in this case ability to pay presents no problem, and that Ms. Quick will be unable to support herself in a way that even approximates the accustomed life style, but justifies the chancellor's ruling by denigrating this accepted measurement as merely one of the elements to be considered. While I agree that all of the listed elements are pertinent, each should be considered in relation to the other. If, after a marriage of substantial duration, one spouse, because of age, health, education and size of estate, has no reasonable prospect of rehabilitation to permit maintenance of a standard of living reasonably commensurate with that acquired during the marriage, permanent alimony should be awarded if not foreclosed by other pertinent factors. Obviously, depending on the circumstances, permanent alimony may supplement other income to reach the appropriate standard.
Although Ms. Quick does have a bachelor's degree in education and is not advanced in age, her future income at this time is plainly speculative, with no evidence of any possibility of her ever earning an income which would support the "standard of living which she enjoyed during the marriage." Nicolay, supra, and Garrison v. Garrison, 380 So.2d 473 (Fla. 4th DCA 1980). Assuming her ability to reenter the teaching profession, nothing in this record would indicate that her most valiant effort could achieve the marital standard which appellee's annual $100,000 income (per tax returns) had established and would clearly maintain following divorce, when custody and care of the children remains with appellant. The majority notes the chancellor may revisit the question of permanent alimony *1301 when properly presented. The error, however, is not harmless. As the decree now stands, Ms. Quick will have the burden of showing a substantial change in circumstances in order to obtain modification. The chancellor should have awarded her permanent alimony of $1,500 per month and placed the burden of modification on Dr. Quick. Garrison v. Garrison, Stiff v. Stiff, Colucci v. Colucci, 392 So.2d 577 (Fla. 3d DCA 1980).
As noted by the court in the Canakaris opinion, page 1203, similar cases should reach similar results to avoid abuse of discretion. See Colucci v. Colucci, Barker v. Barker, 384 So.2d 925 (Fla. 1st DCA 1980), Judge Shivers dissenting. The circumstances of this case are not in my opinion distinguishable from Lash v. Lash, Messer v. Messer, Kvittem v. Kvittem, 365 So.2d 791 (Fla. 4th DCA 1978), Garrison v. Garrison, Bender v. Bender, 363 So.2d 844 (Fla. 1st DCA 1978), and Wagner v. Wagner, so as to permit the results reached here.