ROBERT P. SMITH, Jr., Chief Judge.
Appellant’s persuasive claim for permanent alimony is overcome only by the presumption of correctness attending the chancellor’s decision and our assurance that the chancellor retained jurisdiction to review alimony questions at the end of appellant’s period of economic rehabilitation. Concerning appellant’s contention that the appellee husband should be required to make mortgage payments on the marital home during the period of appellant’s exclusive occupancy by order of the court, we cannot deter *874 mine, in the light of the court’s general order that “the husband shall assume and hold the wife harmless from all debts incurred by the parties prior to June 30, 1980,” whether the court intended that the husband or the wife exclusively should make the mortgage payments, with corresponding adjustments in their equity shares, or that both should remain responsible to make those payments. See Rubino v. Rubino, 372 So.2d 539 (Fla. 1st DCA 1979); Gully v. Gully, 311 So.2d 745 (Fla. 3d DCA 1975). Therefore the judgment is AFFIRMED but the case is REMANDED for clarification of the court’s resolution of the money issues pertaining to the marital domicile.
JOANOS and THOMPSON, JJ., concur.