SCHWARTZ, Judge.
The ex-wife appeals from the financial aspects of a judgment which dissolved the ten-year, childless marriage of the parties. When they married in 1970, each for the second time, the husband was a widower of fifty. Ms. Pitts was a thirty-year-old divorcee, with substantial earning experience and abilities, but with four young children of her previous marriage. There was evidence both that she told Pitts beforehand that if he married her and helped care for her children — as he in fact did — she would make no further financial demands upon him, and that the marriage broke up because of her unwillingness any longer to be married to a man so much older than she.
The trial court awarded Ms. Pitts half of the marital home which had been purchased in his name alone by the husband before the marriage and $1,200 a month in rehabilitative alimony for three years. In the light of the numerous factors pertinent to the trial court’s decision of these issues — including, inter alia, the age and actions of the parties, the length of the marriage, and the capacities of the wife — we find no abuse of discretion in these determinations and reject the appellant’s claims that she was entitled, as a matter of law, to permanent periodic alimony or to a larger lump sum share of the substantial assets accumulated by the husband during the marriage. Section 61.08, Florida Statutes (1979); Canakaris v. Canakaris, 382 So.2d 1197, 1200 (Fla.1980); Quick v. Quick, 400 So.2d 1297 (Fla. 1st DCA 1981); Price v. Price, 389 So.2d 666 (Fla. 3d DCA 1980), review denied, 397 So.2d 778 (Fla.1981); Gordon v. Gordon, 335 So.2d 321 (Fla. 4th DCA 1976), cert. denied, 344 So.2d 324, 354 So.2d 981 (Fla.1977); Gordon v. Gordon, 192 So.2d 514 (Fla. 1st DCA 1966); see also, Smith v. Smith, 378 So.2d 11 (Fla. 3d DCA 1979),[1] *406 cert. denied, 388 So.2d 1118 (Fla.1980); compare Colucci v. Colucci, 392 So.2d 577 (Fla. 3d DCA 1980).
Affirmed.

. In Smith, this court said at 378 So.2d 15, that
[e]ven when there is no financial problem, it might well be thought improper to permit an errant spouse to destroy a marriage and then to claim benefits equal to those which would have been provided had it remained intact. While Ms. Pitts can certainly not be deemed “errant” in the sense of being guilty of “fault” or misconduct, we suggest that this observation may well apply to one who, like her, is responsible for the fact that the parties no longer live together happily and thus that the marriage becomes irretrievably broken — who, *406 in a word, wants the marriage to end — and then seeks the same financial rewards which would have accrued if the marriage had continued. See Sec. 61.08(2), Fla.Stat. (1979) (“In determining a proper award of alimony ... [t]he court may consider any other factor necessary to do equity and justice between the parties.”)