433 So.2d 1316 (1983)
Elizabeth R. DE CENZO, Appellant,
v.
Joseph Anthony DE CENZO, Appellee.
No. 82-457.
District Court of Appeal of Florida, Third District.
July 5, 1983.
*1317 Paige & Catlin and H. James Catlin, Jr., Frederick E. Graves, Miami, for appellant.
Melvyn B. Frumkes, Rosenblatt, Greene & Arnowitz, Greene & Cooper and Robyn Greene and Joan M. Bolotin, Miami, for appellee.
Before HENDRY, BASKIN and JORGENSON, JJ.
HENDRY, Judge.
The wife in this dissolution of marriage proceeding appeals the final order awarding her, inter alia, the marital home, $1,000 per month permanent alimony and a three year award of $1,000 per month rehabilitative alimony. The wife's appeal focuses on the amount of the permanent alimony awarded and the amount of arrearages determined to be owed to her by Dr. DeCenzo. The husband, for his part, cross-appeals the trial court's distribution of the material and monetary assets acquired during the course of the marriage. For reasons more fully developed below, we affirm in part and reverse in part.
The parties were married in 1956, shortly after Dr. DeCenzo graduated from medical school. During the early years of the marriage, Mrs. DeCenzo worked as a nurse to supplement Dr. DeCenzo's earnings as an intern. With the exception of a three year period when Dr. DeCenzo was in a residency program and Mrs. DeCenzo was employed as a visiting nurse, she has not been employed outside the home since the birth of their second child. A total of five children were born of the marriage; all but one have now reached their majority. At some point before the dissolution proceedings began, Mrs. DeCenzo requalified herself and is once again employed as a nurse. Dr. DeCenzo is in private practice and also is on the faculty of the medical school of the University of Miami. Additionally, Dr. DeCenzo derives a significant percentage of his income from medical/legal fees.
Appellant challenges the award of $1,000 per month permanent periodic alimony and $1,000 per month rehabilitative alimony, asserting that there should be a larger amount of permanent periodic alimony awarded and no rehabilitative alimony at all. She also contests that portion of the trial court's order which finds that the marital home is in excess of what she and the remaining minor child need and that she can sell the home if she wishes and use the proceeds from the sale to provide additional income for herself. The trial court's order states that the award of rehabilitative alimony for three years is to give Mrs. DeCenzo time to sell the marital home. It is clear from the final order that the trial court intentionally lowered the amount awarded as permanent periodic alimony in order to require Mrs. DeCenzo to choose between selling the marital home or lowering her standard of living. This a trial court may not do and we therefore reverse those portions of the trial court's order pertaining to permanent periodic and rehabilitative alimony with specific directions to be given infra.
When a trial court awards rehabilitative alimony when permanent periodic alimony is due, the error is harmful and must be reversed. This is so because it places the burden on the wife to come in at the end of the rehabilitative period and to prove significantly changed circumstances before a modification will be allowed. Section 61.14, Florida Statutes (1981); Holland v. Holland, 406 So.2d 496 (Fla. 5th DCA 1981); Foss v. Foss, 392 So.2d 606 (Fla. 3d DCA 1981); Colucci v. Colucci, 392 So.2d 577 (Fla. 3d DCA 1981); Garrison v. Garrison, 380 So.2d 473 (Fla. 4th DCA 1980); Smith v. Smith, 378 So.2d 11 (Fla. 3d DCA 1979), cert. denied, 388 So.2d 1118 (Fla. 1980); McCloskey v. McCloskey, 359 So.2d 494 *1318 (Fla. 4th DCA 1978). The classification of alimony as rehabilitative rather than permanent presents a question of law, and the application of the correct legal rule is not a matter of discretion. Quick v. Quick, 400 So.2d 1297 (Fla. 1st DCA 1981) (Wentworth, J., concurring & dissenting); Wagner v. Wagner, 383 So.2d 987 (Fla. 4th DCA 1980). Our review, therefore, is not restricted to the abuse of discretion or reasonableness standard of Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
In determining whether permanent alimony is a more appropriate award than rehabilitative alimony, we note that permanent periodic alimony is used to provide the needs and the necessities of life to a former spouse as they have been established by the marriage of the parties. The two primary elements to be considered when determining permanent periodic alimony are the needs of one spouse for the funds and the ability of the other spouse to provide the necessary funds. Canakaris v. Canakaris, 382 So.2d 1197 at 1201. A showing of complete and permanent dependence by the wife on her husband is a factor to be considered, but it is not an essential element which must be proved before there can be an award of permanent alimony. Garrison v. Garrison, 380 So.2d 473 at 474. See also Carrier v. Carrier, 409 So.2d 256 (Fla. 4th DCA 1982).
Appellant argues that the amount of the permanent alimony award was too low. She asserts that her needs and her former husband's ability to pay warrant a much higher amount. Appellee, needless to say, argues strenuously that the trial court's permanent/rehabilitative award should be affirmed because appellant has a well-paying position as a nurse and therefore should be required to support herself. As stated in O'Neal v. O'Neal, 410 So.2d 1369 (Fla. 5th DCA 1982), however,
A person is not self-supporting simply because he or she has a job and income. The standard of living must be compared with the standard established during the course of the marriage. A divorced wife is entitled to live in a manner reasonably commensurate with the standard established by the husband during the course of a long-term marriage. A court must base an award of alimony to a wife upon the ability of her husband to pay that award and her financial need in light of the standard of living enjoyed during the marriage. These principles were not changed by Canakaris.

Id. at 1371 (citations omitted). See also Nichols v. Nichols, 418 So.2d 1198 (Fla. 5th DCA 1982); Cooley v. Cooley, 409 So.2d 533 (Fla. 4th DCA 1982). While the parties disagree strongly over the amount each earns, it appears from his own admissions that Dr. DeCenzo earns approximately four times as much money as a doctor as does Mrs. DeCenzo as a nurse. Suffice it to say that appellant cannot maintain herself and the minor child on a nurse's salary in a manner reasonably commensurate with the standard of living established by the marriage  even including the amount of permanent alimony already awarded. For that reason alone, the amount of the permanent periodic alimony should be increased.
Appellee asserts, however, that the permanent/rehabilitative award should be affirmed because appellant received approximately 60 percent of the marital assets by the award of the marital home and an interest in twenty acres of unimproved realty. Appellee adopts the position of the trial court in arguing that if appellant finds she needs additional income after the rehabilitation period ends, she can sell the marital home, even though there will still be a minor child at home at that time. If Mrs. DeCenzo wishes to keep the marital home, she will suffer a corresponding drop in her and her daughter's standard of living after the rehabilitative alimony ends. Requiring a wife to deplete her capital assets in order to maintain her standard of living is wrong as a matter of law. Holley v. Holley, 380 So.2d 1098 (Fla. 2d DCA 1980); Lutgert v. Lutgert, 362 So.2d 58 (Fla. 2d DCA 1978), cert. denied, 367 So.2d 1125 (Fla. 1979); Gordon v. Gordon, 204 So.2d 734 (Fla. 3d DCA 1967). It is also wrong as a matter of economics. It is quite likely that Mrs. DeCenzo will find herself in a new home not even approaching the equivalent of the marital home, which is farther away from *1319 her daughter's school, and which is more costly to own because of higher interest rates and property values. The effect of the vast increase in the value of real estate and interest rates since 1969 (the year the marital home was purchased) thus entirely vitiates the avowed purpose of the trial court's order. See Pino v. Pino, 418 So.2d 311 (Fla. 3d DCA 1982).
For the above detailed reasons, we find that the rehabilitative alimony award should be vacated and the permanent periodic alimony award increased. In effect, the trial court, through its improper award of rehabilitative alimony has already established what the proper amount of permanent periodic alimony should be. Permanent periodic alimony should be increased to $2,000 per month. We have reviewed appellant's other issue on appeal and find it to be without merit.
The husband's cross-appeal alleging error in the trial court's division of the marital property is also without merit. The trial court has the power to fashion, by reciprocal lump sum awards, an equitable distribution of the parties' property. Roffe v. Roffe, 404 So.2d 1095 (Fla. 3d DCA 1981). In Tronconi v. Tronconi, 425 So.2d 547 (Fla. 4th DCA 1982), the court concluded that the Supreme Court adopted the doctrine of equitable distribution in Canakaris. The court stated:
In sum, when speaking of the former traditional requirements, we were required to find need plus ability to respond, whereas under Canakaris, we no longer have to find need to support lump sum awards. Instead, the necessary coupling is justification and ability to respond.
Id. at 549. The court found that Canakaris and subsequent cases now allow the trial courts to divide equitably the property acquired during the course of the marriage so long as there is some justification for the award and the paying spouse is financially able to make the payment. See Robinson v. Robinson, 403 So.2d 1306 (Fla. 1980). The court in Tronconi went on to note:
Further as Canakaris notes, an `equitable' distribution does not require an `equal' distribution. The two words are not synonymous. When an equitable distribution is invoked it may well take the place of lump sum alimony or any special equity.
Id. at 549. We find no error in the trial court's division of the assets acquired during the course of the marriage.
This cause is remanded to the trial court with directions to vacate the award of rehabilitative alimony and to increase the award of permanent periodic alimony to $2,000 per month. All other points on appeal are affirmed.
Affirmed in part and reversed in part.