456 So.2d 464 (1984)
Jack C. VANDERGRIFF, Petitioner,
v.
Wallyce V. VANDERGRIFF, Respondent.
No. 64514.
Supreme Court of Florida.
September 13, 1984.
*465 David H. Levin and Richard E. Scherling of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, Pensacola, for petitioner.
John L. Myrick of Kinsey, Myrick, Troxel & Johnson, Pensacola, for respondent.
SHAW, Justice.
This is a petition to review Vandergriff v. Vandergriff, 438 So.2d 452 (Fla. 1st DCA 1983) on the ground of conflict with various decisions of this Court and other district courts of appeal. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
This cause presents the issue of whether the district court applied the correct standard of review in reversing the judgment of the trial court in a dissolution action. We hold that it did not.
In its judgment dissolving the Vandergriff marriage, the trial court ordered, inter alia, that petitioner husband pay respondent wife $300 per month rehabilitative alimony for a period of three years, and pay child support of $180 per month and private school tuition for a minor child of fifteen years of age until the child reached her majority, died, or married. The respondent was granted ownership of a car and exclusive use of the unencumbered family home until the minor child reached her majority or the respondent died or remarried. Petitioner was granted ownership of a truck and was ordered to accomplish certain repairs of the family home, and to pay real estate taxes on the family home and adjacent lot. Petitioner was to receive credit for sums expended repairing the family home and paying real estate taxes. The evidence showed that the respondent was a college graduate, had not worked at gainful employment for some twenty-six years, but was active in family, community and personal interests, suffered from some medical ills arising primarily from the strains of the dissolution proceedings, and did not desire employment, preferring that petitioner support her. The total income of the parties, approximately $3,300 per month, comes from petitioner's employment. The parties had been married for thirty-two years and had two adult daughters, both college graduates, who lived at home with respondent, along with respondent's mother who had lived with the family for over twenty years.
On appeal, the district court reversed the award of $300 per month in rehabilitative alimony and remanded with directions that the award be designated as permanent alimony and increased to reflect the needs of respondent and the ability of petitioner to pay. All three judges agreed that the sum of alimony was inadequate, but split three ways as to whether it was error to award rehabilitative instead of permanent alimony. Writing for the court, Judge Shivers held it was error not to award permanent alimony; Judge Robert Smith saw no error, per se, in awarding rehabilitative alimony; and Judge Nimmons opined that it was error but only because the trial judge failed to support *466 the decision with factual findings. The case thus comes to us in the posture of having been examined by four judges, all of whom disagree in whole or part with each other. The parties have dutifully presented us with various legal theories and facts based on which we could render additional opinions as to the equities and legal rights of the parties. We will not regurgitate the guidance we have previously issued in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), and its progeny or conduct a de novo review of the evidence. We will, instead, confine ourselves to the controlling legal issue of whether the district court applied the correct standard of review. First, as Canakaris makes clear, the standard of review is whether the trial judge abused his discretion and the test is whether any reasonable person would take the view adopted by the trial judge. We are not prepared to say as a matter of law that respondents, such as here, are entitled to permanent, as opposed to rehabilitative, alimony; nor are we prepared to say that it was unreasonable to award rehabilitative alimony, and reserve jurisdiction, as a method of encouraging respondent to seek employment. To the extent that the district court decision below suggests otherwise, we disapprove the decision. Kuvin v. Kuvin, 442 So.2d 203 (Fla. 1983). At the same time, however, we agree with the court below that the award of $300 per month was facially inadequate in view of petitioner's monthly income of $3,300 per month. We are not prepared to hold, as Judge Nimmons apparently would, that trial judges must support their decisions with factual findings. This would be contrary to the well established rule that trial court decisions are presumptively valid and should be affirmed, if correct, regardless of whether the reasons advanced are erroneous. 3 Fla.Jur.2d Appellate Review § 296 (1978). Petitioner's effort to supply the missing reasons are unpersuasive and would necessitate our conducting a de novo review of the various factors on which the trial court might have grounded its decision.
In view of our disposition of the case, we decline to address the non-dispositive points raised by the parties.
In summary, we disapprove and quash the portion of the district court decision holding that it was error to grant rehabilitative alimony and ordering that permanent alimony be granted. We approve the remainder of the decision. We note that the judgment is now eighteen months old and that one-half of the three-year period of rehabilitative alimony has elapsed. Under the circumstances, we remand with directions that the trial court revisit the adequacy of the $300 per month rehabilitative alimony award and enter such order as the trial judge deems appropriate. In addition, as pointed out by the district court below, the trial court should also address the status of the Telco savings account.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD and EHRLICH, JJ., concur.