SHARP, Judge.
The former wife appeals from a final judgment of dissolution. We affirm the trial court’s equitable distribution of the marital assets, but we reverse the child support and permanent alimony awards as facially insufficient. Vandergriff v. Vandergriff, 456 So.2d 464 (Fla.1984).
In this case, the trial judge awarded child support of $23.00 per week; and $250.00 per month in permanent periodic alimony. The record establishes that the father-husband earned $340.00 (and probably more) per week disposable net income. The trial court awarded him the parties’ major income source.
*557 The wife was unemployed at the time of the dissolution, and although she had worked as a bookkeeper in the family business (her sole work experience), she lacked the skills to operate current electronic bookkeeping machines in today’s job market. Appellant married at age 17, and had no formal education beyond the eleventh grade. She helped raise the parties four children and twelve foster children. She was also in poor health.[1] Her ability to support herself, following the termination of the parties’ thirty-four year marriage, was not established with any certainty.[2]
The total combined support awarded in this case to the appellant for alimony and child support is $81.00 per week. The fourth and last of the parties’ children is a daughter age 13, who lives with the former wife. This is less than one-quarter of the appellee’s weekly net income based on his lowest figures. In this case, we think the child support award should be at least $50.00 per week, and that the alimony should be similarly increased to at least $450.00 per month. This is roughly the amount the appellee is being required to pay for the former wife’s benefit, considering his obligation to pay $206.00 per month toward her monthly automobile payments. That requirement on top of the increased alimony would be excessive, so we direct that it be dropped, and replaced by the alimony increase.
Accordingly, we affirm the trial court’s judgment in part, reverse in part, and we remand for entry of a judgment consistent with this opinion.
AFFIRM IN PART; REVERSE IN PART; AND REMAND.
COWART, J., concurs.
DAUKSCH, J., concurs in part, dissents in part, with opinion.

. In 1982 she suffered a heart attack and is under continuing medical care and treatment, and may require by-pass surgery.

. Peak v. Peak, 411 So.2d 325 (Fla. 5th DCA 1982).